Okey, J.
In Mauarr v. Parrish, 26 Ohio St. 636, it appeared that the probate court of Lawrence county, in 1864, appointed a guardian for minors; that the guardian gave bonds at the time of his appointment, in usual form as prescribed by statute (1 S. & 0. 671, § 6 ; Rev. Stat. § 6259); that in 1866, he filed a petition in that court, obtained an order of sale, and sold the real estate of his wards, without giving the additional bonds provided for by the statute, the probate court finding “ the bonds already given by the guardian to be sufficient.” And this court sustained the title of the purchaser.
That case is directly in point. The facts in the two cases were substantially the same, and the proceedings in both were under statutory provisions which are the same, except in a single particular not important to the case before us. 1 S. & C. 670, 681; Rev. Stats. §§ 6254-6301. The statute which governed the proceeding in Mauarr v. Parrish, provided (1 S. & C. 671, § 6) that upon the appointment of a guardian of a minor’s estate by the probate court, such guardian “ shall give bond, with freehold sureties, payable to the state of Ohio, in double the amount of the personal estate belonging to said minor, and also of the gross amount of rents that will be probably received by the guardian from the real estate of said minor, during his or her minority ; which bond shall be conditioned for the faithful discharge of the duties of said person as such guardian.” The probate court may require “ such guardian to give additional bond, whenever, in the opinion of said court, the interest of the ward of such guardian shall demand the same.” The guardian may obtain authority to sell the real estate of his ward, under certain circumstances. The.application must be made by petition, which may be filed in the probate court. § 24. “ Upon such petition being filed, verified by the oath of the guardian, the court shall order the petitioner to give notice to his ward, who shall be defendant to the petition, of the filing and demand thereof, and the time *260 when the same will be heard, in such manner as to the court shall seem reasonable and proper.”
§ 25. “ At the time appointed for the hearing of said petition, and being satisfied that the notice named in the last preceding section has been given, and that such real estate ought to be sold, the court shall appoint three freeholders of the county in which said real estate shall be situated, who are not of kin to the petitioner, to appraise said real estate, and the same shall not be sold for less than two-thirds of the appraised value thereof.”
§ 26. “ Said appraisers shall take an oath to truly and impartially appraise said real estate at the’ fair cash value, which oath shall be indorsed on the certificate of their appointment.”
§ 27. “ Upon the appraisement of said real estate being filed, signed by said appraisers, the court shall require such guardian to execute a bond, with sufficient freehold sureties, payable to the state of Ohio, in double the appraised value of such.real estate, with condition for the faithful discharge of his duties, and the faithful payment and accounting for of all moneys arising from such sale according to law.”
§ 28. “ Upon such bond being filed and approved by the court, the court shall order the sale of such real estate, providing in the order for reasonable notice and the place of such sale, in the county in which such real estate shall lie, and the credit to be given for the payment of the purchase money, and the deferred payments of the purchase money shall be secured by a mortgage, executed by the purchaser, upon the real estate sold, and they shall bear interest at the rate of six per centum per annum from the date of sale, payable annually.”
§ 29. “ Upon the return day of the order of sale issued by the court, such guardian shall make report of the sale by him made ; whereupon the court, on being satisfied that such sale was fairly and legally made, shall confirm the same, and order the petitioner to execute a deed of conveyance for the real estate so sold, upon the purchaser securing the deferred pay *261 ments of the purchase money, in the manner prescribed in the last preceding section.”
At the time of the proceedings in the probate court, in the case now under consideration, the same statutory provisions which controlled Mauarr v. Parrish were still in force, except that the above section 28 had been repealed and reenacted without other material change than to confer power on the court to authorize the guardian to sell at private sale, if the interest of the ward would be thereby promoted. S. & S. 383; Rev. Stats. § 6286. This change, it will be seen, is wholly immaterial as respects the question before us.
"We express no opinion upon the question whether the sureties in the bond given by the guardian, at the time of his appointment, are or are not liable for the proceeds of the sale of the real estate. Many cases support the view that they would be liable. Assuming, however, that they are not liable, and that, before granting an order for the sale of the real estate, the probate court should have required the guardian to give the bond specified in sections 27 and 28, still, we are fully justified in following Mauarr v. Parrish, on two grounds:
1. Mauarr v. Parrish has become a rule of property. A decision having attained that importance should never be disturbed, unless it violates fundamental principles, or is not only plainly wrong, but mischievous in its consequences. Kearny v. Buttles, 1 Ohio St. 362; Gray v. Askew, 3 Ohio, 466, 478; Sellers v. Corwin, 5 Ohio, 398, 408; Kinsman v. Loomis, 11 Ohio 475, 479; White v. Denman, 1 Ohio St. 110, 115; Corwin v. Benham, 2 Ohio St. 36, 44; Crumbaugh v. Kugler, 2 Ohio St. 373, 380; Strong v. Beach, 11 Ohio St. 283, 288; Knox Co. v. Nichols, 14 Ohio St. 260, 269; Pay v. Munson, 14 Ohio St. 488, 492. And Mauarr v. Parrish is not within any such exception to the rule.
2. The decision in Mauarr v. Parrish was right. The probate court had jurisdiction of the subject matter, — i. e., it saw clothed with authority to. order the sale of the lands of a minor on the petition of his guardian ; and it is fair to say from the record, that notice of filing the petition, provided for by *262 the statute, had been served on the minor, before any order was made in the proceeding, in the manner in such statute provided; and hence when the order of sale was made and also when the sale was confirmed, the probate court had not only jurisdiction of the subject matter, but also the parties. This being true, the order of sale and the order of confirmation, although they may'have been erroneous, were not void. “ The judgment or final order of a court having jurisdiction of the subject matter and parties, however erroneous, irregular or informal such judgment or order may be, is valid until reversed or set aside, . . . within which rule the orders of probate courts are classed. Shroyer v. Richmond, 16 Ohio St. 455. If the judgment or order is erroneous, it may be reversed ; if it is irregular or informal, it may be corrected on motion; in neither ease, however, is it subject to collateral attack.” Wehrle v. Wehrle, 39 Ohio St. 365.
True, Mauarr v. Parrish is very briefly reported on the question we are considering. But the strength of an opinion is not to be determined from its length. Frequently cases are disposed of by the application of principles' so firmly settled that the citation of authorities in support of them would be a work of supererogation. The judge delivering the opinion in Mauarr v. Parrish probably thought the case belonged to that class, and hence the brevity of the report; but the ground of the decision is clearly indicated, — that is, that the court having jurisdiction of the subject matter and parties, the order of sale and the order of confirmation, though they may have been erroneous, were not void, — and that is sufficient. The record and a brief on each side of the case, have remained on file in this court, and we have no doubt that the question received the careful consideration, as in its decision, in the way stated, it received the concurrence, of every member of this court. And although cases in apparent opposition to Mauarr v. Parrish have been cited, yet nearly all of them are clearly distinguishable from it, when regard is had to the statutes on which they were based ; and Mauarr v. Parrish is fully supported by Watts v. Cook, 24 Kansas, 278; Bunce v. Bunce, 59 Iowa, 533; Lockhart v. John, 7 Barr, 137; Merklein v. *263 Trapnall, 10 Casey, 42; Thorn’s Appeal, 35 Pa. St. 47; Dixey v. Laning, 13 Wright, 143.
Diehl v. Friester, 37 Ohio St. 473; and Wehrle v. Wehrle, supra, have been cited as supporting the view that the sale was void. In Diehl v. Friester, it appeared that the probate court allowed an injunction, on an ex parte application, in an action pending in the court of common pleas. The sole purpose for which the probate court was clothed with jurisdiction Avas with respect to the injunction, and by express terms of the statute the injunction could not operate until bond was given. As bond Avas not given, the injunction was wholly inoperative, and hence an order of the probate judge for the imprisonment of the defendant, in proceedings in that court for contempt in refusing to obey such art-injunction, Avas held to be void. In Wehrle v. Wehrle it appeared that under the statute relating to administrator’s sales, the probate court was denied jurisdiction to order the sale of a 'homestead, upon any terms or under any circumstances, and hence the sale of the homestead, under the order of the probate court in such case, was held to be void. We find nothing in these cases to support the claim of the plaintiff in error. The case before us has been ably argued, and we report it thus fully to show that it is clearly our d.uty to adhere to Mauarr v. Parrish.

Judgment affimned.