PRATT v. THE WESTERN STAGE COMPANY.

Practice: CORRECTION OF JUDGMENT: DEFECTIVE SERVICE. The Supreme Court will not review the action of the court below in rendering judgment by default upon a service and return that is merely defective, until a motion to correct the irregularity has first been made and overruled in the lower court.

*Appeal from Appanoose District Court.*

THURSDAY, JUNE 24.

ACTION upon a note purporting to be signed by one Ogden " for Western Stage Company," the petition alleging that the consideration was money paid and advanced by plaintiff for defendant, and at its request. The original notice was returned served upon defendant by reading to Lawrence Whiteside, station agent at Centreville, Appanoose county, Iowa, for the Western Stage Company, and giving him a copy, etc.

Judgment by default, and defendant appeals.

*J. M. Elwood* for the appellant.

*Harris & Drake, Nourse & Kauffman,* for the appellee.

WRIGHT, J. — It is conceded that defendant is a copartnership, not a corporation. The law is, that service may be made upon such a company, either upon any member thereof, or upon any agent employed in the general management of its business. If it has an office or agency in any county (other than that in which the principal resides), service can be made upon any clerk or agent employed therein, in all actions growing out of or connected with the business of that office or agency. Rev. §§ 2826, 2827.

If, therefore, this station agent was employed in the general management of defendant's business, this service was good; or, if the action grew out of or was connected with the business of the agency of the company in that county, the service was regular and complete. By this we do not mean that the *return* made would be regular, but that defendant would be bound by such a service. The return might be *defective*, but this would be a very different thing from an entire want of service, where the action of the court following would be without jurisdiction and void.

Before granting the default it was the duty of the court to determine, from an inspection of the record, that notice had been given, as required by the statute. § 3149 The determination in this instance may have been *erroneous*, and yet the judgment would not for that reason be void.

For there was a service. If a service, then it was defendant's duty to seek his remedy against the alleged irregularity by motion in the District Court, before coming into this. This is the express requirement of section 3545, as we have frequently held. For the latest case see *Webster* v. *C. R. & St. Paul R. R. Co.*, *ante* 315, where the earlier and later cases are cited, and the reason of the rule and policy of the statute fully stated and recognized. And see also *McGregor* v. *Gardner*, 16 Iowa,

538; *Decatur Co. v. Clements*, 18 id. 536. (This was a defective *notice* and default); *McKinley* v. *Bechtel*, 12 id. 562. (Default before the time allowed by law after service); *Downing* v. *Harmon*, 13 id. 535. (*Defective service*); *Bethel* v. *Leay*, 14 id. 592 (same defect); *Van Vark* v. *Van Dam*, id. 232 (defective notice); *Berryhill* v. *Jacobs*, 19 id. 346 (service by publication and default).

These cases are certainly sufficient to show that, in our opinion, the section under consideration was intended to cover and refer to more than mere defects and irregularities on the part of the clerk, or other ministerial officer.

They certainly sustain, too, the order now made, that this judgment stand

Affirmed.