Bunce v. Bunce.

BUNCE v. BUNCE ET AL.

1. **Guardian's Sale of Real Estate**: DEFECTIVE NOTICE: JURISDICTION. In a proceeding by a guardian to sell the ward's real estate, there was notice served upon the ward, and, although the service was imperfect, the court found as a matter of record that service had "been duly made as provided by law:" *Held*, that the defect in the service of the notice could not be taken advantage of in a collateral proceeding to set aside the title of the purchaser at the guardian's sale. The court was not without jurisdiction, as in the case of no notice.

2. ——: ORDER FOR NOT A JUDGMENT: STATUTES CONSTRUED. A probate order for a guardian's sale is not a *judgment;* and sections 3154 and 3157 of the Code, providing for reversing, vacating and modifying *judgments*, have no proper application to such an order.

3. ——: STATEMENTS IN PETITION FOR. Under the statute which provides that the real estate of a minor may be sold when necessary for his support or education, it is sufficient, to give the court jurisdiction to order the sale, if such necessity is *alleged* in the petition.

4. ——: NECESSITY OF SALE BOND: APPROVAL OF SALE. In a proceeding in probate to sell the real estate of a minor, while it would be error, in the absence of the sale bond required by section 2556 of the Revision, for the court to approve the sale, yet, where jurisdiction has attached, and the sale has been approved, it cannot be successfully attacked in a collateral proceeding by alleging the want of a sale bond.

5. ——: APPROVAL OF SALE AND DEED BY CLERK. Under chapter 86, Laws of 1868, by which the clerk was empowered to keep open court, and transact, in the absence of the judge, all probate business not requiring notice, subject to the supervision and approval of the judge, the clerk was authorized, in the absence of the judge, to approve the sale and deed made by a guardian for the real estate of his ward, and, where the

clerk so approved the sale and deed, and the judge afterwards approved the guardian's *report* of sale, *held* that the approval by the judge of the *report* must have included an approval of the act of the clerk in relation thereto, and was a sufficient approval by the judge of the sale and deed.

6. **Practice:** PARTIES TO CROSS-PETITION. Where certain mortgagees were interested in the identical matter for which the action was brought, and might have been joined as plaintiffs, it was competent for the defendants to bring them in by cross-petition, that the adjudication respecting their title might be complete.

*Appeal from Cerro Gordo Circuit Court.*

THURSDAY, OCTOBER 19.

ACTION to set aside a guardian's deed. The plaintiff avers in his petition that, in 1871, he was a minor, and the owner of the land in question; that the defendant, George L. Bunce, made a pretended guardian's sale of the land, and the other defendants claim to have acquired an interest in the land through such sale. The plaintiff avers that the sale was invalid, because there was no sufficient service of notice on him; also, because the petition for the sale was insufficient; also, because no sale bond was given; and finally, because there was no approval of the deed. The defendants denied the material allegations of the petition. They also filed a cross-petition, bringing in certain mortgagees, and asking that a mortgage executed to them by the plaintiff upon the premises be canceled. The court dismissed the plaintiff's petition and entered a decree canceling the mortgage. The plaintiff and the mortgagees appeal.

*Brown & Carney,* and *J. E. E. Markley,* for appellants.

*Wilber & Sherwin, Stanberry & Clark,* and *M. L. Schermerhorn,* for appellees.

ADAMS, J.—I. The appellants insist that the service of notice of an application for an order of sale was not such as to give the court jurisdiction. The officer's return upon the notice is in these words: "The within notice served personally on the within named

1. GUARDIAN'S sale of real estate: defective notice: jurisdiction.

minor by reading the within to the within named minor, Simon G. Bunce, and leaving a copy with George L. Bunce, father of the minor, the 5th day of January, 1871." The statute provided that "a copy of the petition with notice of the time at which such application will be made to the court must be served personally upon the minor at least ten days prior to the time fixed for such application." The defect complained of is that a copy of the petition was not served upon the minor. But it is plain to be seen that the case before us is not one of no notice, but of defective service of notice. There being an actual personal service of notice upon the minor, the court was called upon to inspect the return and determine its sufficiency. The court did determine that service had "been duly made as provided by law," and its determination is made of record. Possibly in this the court may have erred, but, if so, it was merely an error subject to be corrected on appeal.

The court was not without jurisdiction, as in a case of no notice. It is true the plaintiff was then a minor, but the rule enunciated was not the less applicable. In *Shawhan v. Loffer*, 24 Iowa, 226, a question was raised similar to the one before us. The person served in that case was a minor. But the court said: "If it appears that there was a notice, though it be defective, or the service thereof be imperfect, neither in strict compliance with the directions of the statute, and the court determine, in favor of the sufficiency of such notice and service, which is shown upon the record, even though such determination was erroneous, the judgment of the court will not be held void in a collateral proceeding. "See the cases cited, and in addition thereto *Dougherty v. McManus*, 36 Iowa, 657; *Woorbury v. McGuire*, 42 Id., 342; *Farmer's Ins. Co. v. Highsmith*, 44 Id., 333. The appellants, however, insist that this is not a collateral, but a direct proceeding instituted under sections 3154 and 3157 of the Code.

The plaintiff's petition is entitled a petition in equity. Twenty-four persons are made defendants. The petition prays,

not simply that the order of sale be set aside, but that the guardian's deed be set aside; that his title be quieted, and the defendants be required to account for the rents and profits. It appears to us that the plaintiff relied in the outset upon the theory that the order was made without jurisdiction, and that he had no occasion to bring himself within the special provisions of the section above cited. We do not propose, however, to rest our decision upon the fact that this proceeding appears to have been designed originally as an action in equity. It is possible that we might deem the plaintiff's petition sufficient to bring him within the sections above cited, though not so designed originally, if those sections are applicable.

But in our opinion they are not. What the plaintiff seeks to vacate is, not a judgment, but a mere probate order for a guardian's sale. The proceeding in which the order was made is, in no proper sense, an adversary proceeding, but a proceeding demanded by the interest of the ward. The application made is solely in the ward's behalf. It is in some sense his own application. It is made by his guardian, selected and appointed by court to act for him, and bound by his oath and his bond to act properly for him, and under the directions of the court. If he is guilty of bad faith or negligence, and thereby involves his ward in loss, he and his bondsmen are liable therefor. These considerations show how different an order for a guardian's sale is from a judgment or order obtained against a ward in an action.

2. ——: order for not a judgment: statute construed.

Again, a rule which should give minors a year after attaining their majority to set aside all guardian's sales in which they could show irregularities amounting to error, would evidently be detrimental to the interests of minors in general. It would tend to render purchases at guardian's sales too hazardous to enable the property to be sold for its value.

Upon looking into the statute, we have to say that we do not think that we could give it the construction contended for, without going beyond both its letter and spirit. The plaint-

iff relies upon the 8th subdivision of section 3154. But that provides for vacating a judgment and not an order.

Again, it is certain that the original statute, and that which was in force at the time the sale was made, had no such scope as the plaintiff contends for. When that statute was passed, the court of probate jurisdiction was the county court. The orders which could be set aside under that statute were the orders of the District Court. There was certainly no provision in that statute for setting aside a probate order. The change afterwards made, by which the provision was extended to the Circuit Court, was not such, we think, as to justify us in supposing that the provision was intended to apply to new subject matter. Nor was any change made until the defendant's rights had attached. If they once had a valid title, no new remedy could be provided for the plaintiff by which he could successfully assail it.

II. The next objection made to the validity of the sale is based upon the character of the petition. The statute pro-

3. ——: state-  vides that the real estate of a minor may be sold,
ment in pe-
tition for.  when necessary for his support or education. The petition in this case avers such necessity. The appellants contend that the petition should show that the minor's father was not of sufficient ability to maintain and educate him. But the general averment in regard to the necessity of the sale, it appears to us, is sufficient to give the court jurisdiction, and we are inclined to think that the petition would be held sufficient even on appeal.

III. The remaining objections, the want of a sale bond, and the alleged want of approval of the sale, may be considered together. The statute provided that before a sale can be executed the guardian must give security. Revision, § 2556. The statute also required that the sale must be approved. Revision, § 2558. In the absence of a sale bond,

4. ——: neces-  it would doubtless be error to approve the sale,
sity of sale
bond : appro-  but where jurisdiction has attached and the sale
val of sale.  has been approved, it cannot, we think, be success-

fully attacked in a collateral proceeding by alleging the want of a sale bond. The question raised must be deemed to have been passed on, and whether correctly or incorrectly, the court cannot, we think, in a collateral action, inquire.

This brings us to consider whether the sale was approved. The plaintiff contends that it was not, but in our opinion it 5. ———: ap- was. Upon each deed was indorsed an approval proval of sale by clerk. of the sale and deed by the clerk of the court. By chapter 86, Laws of 1868, the clerk was empowered to keep open court and transact, in the absence of the judge, all probate business not requiring notice, subject to the supervision and approval of the judge. The approval of a guardian's sale was not business which required notice. The clerk then, we think, was authorized, in the absence of the judge, to approve the sale, subject to the supervision and approval of the judge. The presumption existing in favor of the regularity of the acts of officers would require us to presume that the judge was absent.

Whether we should presume, also, that the action of the clerk was approved by the judge, in the absence of any showing to the contrary, we need not determine. There is in this case some affirmative evidence that it was approved. After the approval by the clerk, the guardian reported the sales to the court, and they were approved. This was of course a sufficient approval so far as the sales were concerned. But it is said by appellants that it does not appear that the judge approved the deeds, and it is said that the sales could not be deemed complete and wholly approved until the deeds had been executed and approved. Their position is based upon the fact that the statute provides that the guardian's deed must be returned into court and the sale approved. It is not to be denied, we think, that there is some ground for contending that the statute contemplated that the deed is to be approved as a part of the sale. But, conceding that the deed should be approved, we think that the approval of the report in this case is sufficient to justify the inference of the approval of the action of the clerk, whose approval embraced the deed as well as sale.

As the clerk was authorized to make the approval subject to the supervision of the judge, such supervision became the duty of the judge. We must presume that the acts of the clerk, made of record upon a paper required to be returned into court, and which acts it was the duty of the judge to supervise, were at least known to the judge. Now if the execution of the deed is to be deemed a part of the sale and is to be approved as a part thereof, we think that the approval of the report, with the knowledge by the judge of the acts of the clerk, must be deemed an approval of his acts. This conclusion is strengthened by the fact that no objection appears to be made to the deeds as such. The plaintiff's objections are solely to the sale. If those objections are not valid, the execution of proper deeds, such as these appear to be, would be a formal matter. We think that we are fully justified in holding that the sale was approved, including the execution of the deeds.

The mortgagees complain of the action of the court in canceling the mortgage. It is insisted that the cancellation of

**6. PRACTICE: parties to cross-petition.** the mortgage was not proper subject matter to be adjudicated upon a cross-petition. But it appears to us that it was. The mortgagees are interested in the identical matter for which the action was brought. They might have joined as plaintiffs. Not having done so, we think it was competent for the defendants to bring them in by cross-petition in order that the adjudication respecting their title might be complete.

AFFIRMED.