## HAMIEL et al. v. DONNELLY et al.

1. **Guardian**: SALE OF WARD'S LAND : VALIDITY : NEGLECT TO FILE ADDITIONAL BOND. The sale of an infant's land by his guardian upon the order of court, without filing an additional bond as required by the order and by section 2261 of the Code, ought not to be approved by the court ; but where the sale and deed have been erroneously approved, they cannot be successfully attacked in a collateral proceeding. (Compare *Bunce v. Bunce*, 59 Iowa, 533).

Hamiel v. Donnelly.

2. ——— : ———— : ——— : PETITION NOT SWORN TO: DEFECTIVE
NOTICE : BOND APPROVED BY CLERK.   Nor can such sale be collat-
erally attacked, after approval by the court, on the ground that the
guardian's bond was approved by the clerk in vacation, and not by
the court; nor upon the ground that the petition for the sale was
not verified ; nor upon the ground that the notice was served upon
the ward three days before the guardian's appointment was con-
summated; these being but irregularities not; defeating the juris-
diction of the court.   (Compare *Shawhan v. Loffer*, 24 Iowa,
228 ; *Bunce v. Bunce*, 59 Iowa, 533).

*Appeal from Lyon District Court.*—HON. GEORGE W.
WAKEFIELD, Judge.

FILED, SEPTEMBER 7, 1888.

IN August, 1877, J. L. Hamiel was appointed guar-
dian of the plaintiffs, who were his minor sons.   The
plaintiffs held the title to certain wild and unproductive
land in Lyon county.   The said guardian made an appli-
cation to the circuit court of Cedar county for an order
to sell said real estate.   The order was granted, and the
sale was made to one W. C. Long, and the sale and
deed were approved by the court.   Long conveyed to
other parties, and the defendants hereto now hold the
land in parcels, either as grantees from Long or as
remote grantees under him.   This action was brought to
set aside the guardian's sale and deed, and to recover the
land, upon the alleged ground that by reason of certain
defects in the proceedings no title was conveyed by the
guardian's deed.   There was a decree in the court below
for the defendants, and plaintiffs appeal.

*W. G. W. Geiger*, for appellants.

*Wolf & Landt* and *E. C. Roach*, for appellees.

ROTHROCK, J.—After the land was sold at guar-
dian's sale, and the deed made and approved by the
court, the plaintiffs' guardian died insolvent.   It appears
that the guardian originally purchased the land from
one Elliot, and caused the conveyance thereof to be made
to the plaintiffs, who were his minor sons, and who lived

with him to the time of his death. It further appears that the consideration received from Long for the purchase at guardian's sale was not money, but a farm of one hundred and sixty acres in Cedar county, and that the conveyance of the land in controversy to the plaintiffs was a gift to them. It will be observed that this is a collateral attack made upon the order of sale, and the sale and deed made pursuant thereto. *Bunce v. Bunce*, 59 Iowa, 533.

I. The first point made by counsel for appellants is that the sale and deed were and are

1. GUARDIAN: sale of ward's land: validity: neglect to file additional bond.

absolutely void, because the guardian did not give the additional bond required by the order of the court and by section 2261 of the Code. It is sufficient to say of this objection that in *Bunce v. Bunce, supra*, this court determined that the failure to give a sale-bond was not such a defect in the proceedings as to authorize a collateral attack upon the title. It is said in that case that "in the absence of a sale-bond it would doubtless be error to approve the sale; but where the jurisdiction attached, and the sale has been approved, it cannot, we think, be successfully attacked in a collateral proceeding by alleging the want of a sale-bond." We discover no good reason for disturbing the rule above announced.

II. It is further claimed that the proceedings were void because the petition for the order to sell was not

2. ——: ——: ——: petition not sworn to: defective notice: bond approved by clerk.

sworn to, and the notice of the application for the sale was served on the plaintiffs on the fourteenth day of August, 1887, and the guardian was not appointed until three days afterwards. No objection is made to the form of the notice, nor to the manner of service. It does not appear when the application for the appointment of the guardian was made. The circuit court, with the whole record before it, determined that due and legal service of the pending of the application had been made upon the said minors. It was therefore not a case of non-notice, but the same was probably served before it should have been. Under these circumstances, it is well

settled in this state that the judgment or proceeding is not void for want of jurisdiction of the person. *Shawhan v. Loffer*, 24 Iowa, 228; *Bunce v. Bunce, supra,* and cases there cited. In regard to the omission to verify the petition, it is scarcely necessary to say that the defect is in no sense jurisdictional, and the same may be said of the objection that the bond given by the guardian was approved by the clerk of the court in vacation, and not by the court. We think the decree of the district court is correct, and it is

AFFIRMED.