The Keokuk Gaslight & Coke Co. v. The City of Keokuk.

✦

## THE KEOKUK GASLIGHT AND COKE COMPANY V. THE CITY OF KEOKUK.

1. **Former Adjudication:** VALIDITY OF ORDINANCE. In a former action between the parties hereto, a certain ordinance of the defendant city was adjudged to be valid. *Held* that the city could not, in this action, question the validity of that ordinance on any ground which existed or might have been urged against it in the former action.

2. **Contracts:** ORDINANCES: CONSTRUCTION: EVIDENCE TO EXPLAIN. The defendant city, by ordinance, conferred upon plaintiff certain privileges, including the right to light the city with gas at a certain price, for a period of twenty years from July 1, 1868. It was provided in the same ordinance that at the end of ten years from said date, or of each succeeding five years, the city should have the privilege of purchasing all of plaintiff's property, rights and privileges at a price to be fixed by referees, and that plaintiff should continue to enjoy all its privileges until such purchase should be made. *Held* that the ordinance, taken as a whole, conferred upon plaintiff no privileges which ran for more than twenty years from July 1, 1868, even though the city did not exercise its option to purchase; and that, after July 1, 1888, plaintiff could, in the absence of any further contract, recover only the reasonable value of lighting defendant's streets. Also, *held* that, since the language of the ordinance was not ambiguous, parol evidence was not admissible to explain it.

*Appeal from Lee District Court.*—HON. CHARLES H. PHELPS, Judge.

FILED, MAY 17, 1890.

ACTION to recover $131.20, balance claimed under contract for lighting, extinguishing and cleaning defendant's street-lamps, and for gas furnished during the quarter ending October 1, 1888. The case was submitted to the court, and upon the finding of facts and conclusions of law made, judgment was entered dismissing the plaintiff's petition, and for costs, from which plaintiff appeals.

On June 20, 1855, the city council passed ordinance number 68, granting to Edward Killbourne and William Herrick, their associates, successors or assigns, either as individuals or as a corporation, permission to use the streets, etc., of said city for the purpose of laying down pipes for conveying gas for supplying the said city and the inhabitants thereof with gaslights, subject to certain conditions, and with restrictions as to prices, etc. It was provided therein that the city should furnish the lamp-posts, burners and meters, if needed, for city lamps, and that the price of gas for streetlamps should not exceed thirty dollars per year for each lamp, including lighting, extinguishing, cleaning and repairing. It was expressly declared that the privilege was not exclusive. September 25, 1855, an amendment was passed extending the time for laying the first two miles of pipe, and providing that, in consideration of Killbourne and Herrick furnishing city lamp-posts at their own expense, whenever and wherever the city council should direct, they were granted the exclusive privilege of using streets, etc., for laying pipe for conveying gas for the use of said city and its inhabitants for the term of twenty-five years; the city to pay thirty-two dollars per annum, in quarterly payments, for the use of each streetlamp, and lighting, extinguishing and cleaning the same, and for the gas consumed therein.

The plaintiff became the successor and assignee of said Herrick and Killbourne. Thereafter, on October 12, 1868, ordinance number 116 was passed, providing "that all the rights, privileges, restrictions and obligations extended to and imposed upon the Keokuk Gaslight and Coke Company at this time by ordinances numbers 68, 73, 157, are hereby granted and extended to said Keokuk Gaslight and Coke Company for the term of twenty years from the first day of July, 1868, together with the following additional provisions and restrictions to it." Following this is a provision as to the price of gas to individual consumers. Section 2 provides "that the city of Keokuk, at the end of ten years from the date aforesaid, shall have the right, by

giving the company twelve months' notice, to purchase all of the property, rights and privileges of the said Gaslight and Coke Company at a fair valuation, to be ascertained by two disinterested persons, one to be selected by the city and one by said company, and the persons so selected shall have the right of choosing an umpire, if necessary ; and, in case the said city shall not make the purchase at the time aforesaid, it shall have such right at the end of each succeeding five years thereafter ; and the said gas company shall continue to possess and enjoy all the aforesaid rights and privileges, and subject to the same conditions and restrictions, aforesaid, until such purchase shall have been made. Following this are provisions as to quality of gas, etc., that are not material to the questions presented. During the quarter ending October 1, 1888, the plaintiff furnished gas for and attended to the street-lamps of defendant ; for which it was entitled, according to the terms of this ordinance, to the sum of thirteen hundred and twelve dollars. The defendant paid on the account of said bill $1,180.80, leaving the amount sued for unpaid.

*James C. Davis*, and *P. Henry Smythe*, for appellants.

*Daniel F. Miller*, *Sr.*, and *W. B. Collins*, for appellee.

GIVEN, J.—Appellee questions the validity of said ordinance number 116 on the ground that the city had not authority to confer the privileges therein granted, and for other reasons. On September 13, 1873, in an action in the district court of Lee county, wherein this plaintiff was defendant, and this defendant was plaintiff, judgment was entered, declaring that said ordinance number 116 "was legally passed by the city council, and is valid and of binding force between said city and said gas company." As this judgment was not appealed from, it became and is binding upon both parties to it, not

1. FORMER adjudication: validity of ordinance.

only as to matters actually determined, but as. to every other matter which the parties might have litigated and have had decided as incident to, or essentially connected with, the subject-matter of the litigation." *Hempstead v. City of Des Moines*, 63 Iowa, 40.

All the grounds now urged against the validity of the ordinance existed before the commencement of that action, and, if they were not, might have been, litigated therein. It is true, the account or claim sued upon did not then exist, but, in so far as plaintiff's right to recover or not depends upon the validity of that ordinance, we must hold that that question was adjudicated, and the ordinance held to be valid.

II. Appellant contends that its rights and privileges under said ordinances are to continue until the city purchases the works, as provided, and

2. CONTRACTS: ordinances: construction: evidence to explain.

that the city is liable for the services rendered and gas furnished for its streetlamps according to the terms of said ordinance; while appellee contends that appellant's rights and privileges under said ordinances terminated on the first day of July, 1888, and that the city is only bound to pay the reasonable value of the service rendered, and that it had paid that amount in full. Counsel discuss the law with respect to the construction of contracts, and whether the record of the proceedings of the city council upon the passage of ordinance 116, and the reasons stated in the record by members for their votes, may be considered in construing the ordinances. "When parties have deliberately put their engagements into writing in such terms as import a legal obligation, without any uncertainty as to the object or extent of such engagement, it is conclusively presumed that the whole engagement of the parties, and the extent and manner of their undertaking, was reduced to writing, and all oral testimony of a previous *colloquium* between the parties, or of conversations or declarations at the time when it was completed, or afterwards, as it would tend in many instances to substitute a new and

different contract for the one which was really agreed upon, to the prejudice, possibly, of one of the parties, is rejected. In other words, as the rule is now more briefly expressed, "parol contemporaneous evidence is inadmissible to contradict or vary the terms of a valid written instrument." 1 Greenl. Ev., sec. 275.

It is contended that there is such uncertainty in the ordinance as to when the rights and privileges of the plaintiff were to terminate that this evidence is proper to be considered, not to contradict or vary the terms of the ordinance, but to enable the court to arrive at the true intent and meaning of the parties in enacting and accepting said ordinance. In *Jacobs v. Jacobs*, 42 Iowa, 605, the court said: "The whole contract must be considered in determining the meaning of any of its parts. The first point is to ascertain what the parties meant, and then to put such construction upon their contract as will bring it as near to their actual meaning as the words they saw fit to employ, when properly construed, and the rules of law, will permit. In arriving at this meaning, the subject-matter of the contract, the situation of the parties and of the property, and the purpose of the parties in making the contract, must be considered." In our opinion, the meaning of the parties, as expressed in this ordinance, is plain and obvious when considered in the light of these rules. The first section declares, in unmistakable language, that the privileges granted to plaintiff are for the term of twenty years from July 1, 1868. If this section stood alone on this subject, it could not be claimed that plaintiff's privileges extended to a later date. Section 2, after providing how the city might purchase the works at the end of ten years, or at the end of each succeeding five years thereafter, provides that "said gas company shall continue to possess and enjoy all the aforesaid rights and privileges," etc., "until such purchase shall have been made." Taking the provision alone, it is obvious that plaintiff's privileges were extended, not for twenty years, but until the

city purchased at the time and in the manner provided. We are not at liberty to reject either of these provisions, but are to take the whole ordinance together, and to say therefrom what was intended by the parties in adopting and accepting the same. We assume that the language in both sections was employed purposely. To say that the privileges to plaintiff were extended without other limit than until the city should purchase the works, is to entirely ignore the twenty-year limitation in the first section. If the privileges to plaintiff were to extend until purchase was made, it was an idle use of words to say that it was for the term of twenty years.

We think the purpose in following the provisions as to purchase, with the provision that the gas company should continue to enjoy its privileges until the purchase was made, was to avoid any question as to the gas company's rights before a purchase was made, and not to extend the privileges beyond the twenty years named. We give full effect to both sections by holding that all rights and privileges under the ordinance terminated as to both parties July 1, 1888. This conclusion renders it unnecessary that we notice other points made in the discussion. It is our opinion that the judgment of the district court should be

AFFIRMED.