ROBERT DONAHUE, Appellant, v. THOMPSON McCOSH, Appellant.

1.    **Equity**: JURISDICTION : ACCOUNTING.    An action for an accounting between partners involving charges of fraud, accident or mistake, and requiring extended investigations of books of account and invoices, is properly brought in equity.

2.    ——— : PRIOR ADJUDICATION.    An adjudication is not conclusive as to matters not in issue unless they are incident to or essentially connected with the subject-matter of such adjudication.

3.    ——— : ———.    An adjudication as to the proper construction of specific provisions of a contract will not bar a subsequent action between the same parties involving claims under other provisions of the same contract, and charges of omissions or undervaluations of property therein referred to through fraud, accident or mistake, though a pleading presenting the same questions was filed in the former action, but, with leave of court, withdrawn without prejudice before trial.

*Appeal from Des Moines District Court.*—HON. CHAS. H. PHELPS, Judge.

THURSDAY, OCTOBER 23, 1890.

ACTION, entitled as in equity, to recover an amount claimed to be due under a contract dissolving a partnership between plaintiff and defendant, and for certain items alleged to have been omitted from the settlement of said partnership, through fraud, accident or mistake.

The defendant answered pleading a former adjudica-
tion as a bar to plaintiff's action, and denying that
anything was due to plaintiff under the contract.   Also
denying that the items named were omitted from the
settlement through fraud, accident or mistake, and
alleging that certain other items were omitted from the
settlement through accident and mistake, and asking an
accounting.   The case was tried to the court, and the
plea of former adjudication sustained except as to plain-
tiff's claim on the contract.   Judgment was rendered in
favor of plaintiff on his cause of action on the contract.
Both parties appeal.

*P. Henry Smith & Son*, for plaintiff.

*Power & Huston*, for defendant.

GIVEN, J.—I.   The defendant moved to transfer
the case to the law docket.   This motion was filed some
time before the trial, but not ruled upon
until the entering of the final decision
when it was overruled, to which defendant
excepted.   It does not appear that this motion was
called to the attention of the court before the trial
began, nor that the defendant made any objection to
proceeding to try the case in the manner in which it
was tried.   Each party asks an accounting as to items
omitted through fraud, accident or mistake from a set-
tlement had between them ; either of which accountings
involve extended investigations of books, invoices, etc.,
containing many items.   Under these circumstances the
motion to transfer was properly overruled.

1. EQUITY: juris-
diction: ac-
counting.

II.   The further discussion may be resolved into
the single inquiry whether the plaintiff's causes of
action, or either of them, are barred by a
former adjudication between these parties.
The rule is well established in this state, " That a prior
adjudication is a bar not only to all matters actually in
issue, but which might or should have been alleged in
the pleadings."   *Lamb v. McConkey*, 76   Iowa,   47 ;

2. ——: prior ad-
judication.

*Phillips v. Gephart*, 53 Iowa, 396. In Freeman on Judgments [2 Ed.] 249, it is said, "An adjudication is final and conclusive, not only as to the matter actually determined, but as to every other matter which the parties might have litigated and have had decided, as incident to, or essentially connected with, the subject-matter of the litigation, and every matter coming within the legitimate purview of the original action, both in respect to matters of claim and defense." While the former adjudication is conclusive as to all matters actually in issue, it is not as to matters which might have been put in issue in the case, unless they were incident to, or essentially connected with, the subject-matter of the prior litigation. One having two independent causes of action against the same party, by suing upon one would not thereby be barred from afterwards bringing his action upon the other, though both might have been embraced in the first action. To determine whether the matters herein claimed were in issue, or were incident to, and essentially connected with, the subject-matter of the former litigation, we must look to the record in both cases.

III. A contract of dissolution fixing the terms upon which the partnership was to be settled was executed June 18, and another July 24, 1883.

3. THE same. The latter does not supersede, but is supplementary to, the former. By these contracts the partnership was dissolved, and terms agreed upon for the division of the property, and settlement of the partnership. The plaintiff was to take the stock and business of the firm at the inventory price at cash value, and all the bills and accounts receivable as held June 30. The bills receivable were divided into good and doubtful; the good being embraced as assets. The plaintiff was to exercise diligence in collecting both, and to pay to defendant one-half of the amount collected on doubtful claims. The defendant to pay plaintiff one-half of the claims listed as good that proved to be uncollectible in a year. The defendant agreed to purchase the shares

of stock owned by plaintiff in the Hawkeye Manufacturing Company and in the Hawkeye Steel-Fence Company, "at their value, and accrued profits as per inventory now being taken at present cash value of material and machinery now on hand. The bills receivable and accounts receivable as per books to be collected by the companies, and should any of them prove uncollectible R. Donahue is to pay back his share of loss on such bills or accounts receivable to the extent of forty-two per cent. of Hawkeye Manufacturing Company's accounts, and thirteen-thirtieths of Hawkeye Steel-Fence Company accounts." In the second agreement it was provided that, "In ascertaining values of stock in corporations, sold by Donahue to McCosh, accounts and bills were divided into two classes, good and bad; the latter being transferred to profit and loss, and list given Donahue in same manner as was done with firm accounts, and it is agreed that, in all cases where good accounts of either corporation after reasonable diligence prove uncollectible, Donahue shall pay McCosh forty-hundredths of shortage of the manufacturing company and thirteen-thirtieths of shortage of the fence company, on demand and proper showing, and McCosh agrees the company will exercise diligence in collecting accounts transferred to profit and loss, and will pay to Donahue forty-hundredths of collections of the manufacturing company, and thirteen-thirtieths of collections of the fence company as rapidly as collected, less costs, without pay to McCosh."

The plaintiff asks to recover eighteen hundred and fifty-seven dollars and seventy-six cents, as due him under this contract, on accounts and bills receivable of the firm taken by him as good, which were uncollectible, in excess of the amount collected by him on bills listed as bad, and on account of collections on bills receivable by the corporations, listed as bad, in excess of the amount of those listed as good that were uncollectible. This claim, also, includes sixty-three dollars and forty-one cents claimed by plaintiff as his half of moneys

due the firm collected by the defendant. The plaintiff charged that the defendant is liable for further collections than those named, but that plaintiff was not advised of the amount, and that defendant had refused to allow him to examine the books. Wherefore, he asks to recover any additional sum that might appear to be due him.

As a further cause of action plaintiff alleges, in amendment to his petition, that through the fraud of the defendant and by accident and mistake, certain items were omitted from the statement of the assets of the fence company, and certain parts of its assets were inventoried at much less than cash value; that by reason thereof his thirteen shares of stock sold to the defendant were made to appear of much less than their real value. Wherefore he asks an accounting and judgment for the value of said stock over that formerly placed upon it. The answer of defendant denies any indebtedness on account of shortages and collections, and denies that there was any fraud, accident or mistake, nor that any items were omitted or any assets of the fence company undervalued as alleged. It will be seen from this statement of the pleadings, that the issues are, whether there is any sum due to the plaintiff under the agreement on account of shortages and collections, and whether, through fraud, accident or mistake, there were any omissions or undervaluations in estimating the assets of the fence company that affect the value of plaintiff's stock.

The petition in the former action was based upon a clause in the agreements following the provisions for settlement that "The differences in values shall be settled by cash or notes (short time) satisfactory to both parties." It was alleged that there was an agreement as to values of certain property, and a division thereof; that taken by the defendant exceeding in value that taken by the plaintiff in a certain sum, which plaintiff asked to recover under the contract. The defendant answered admitting the agreement as to

values of certain property and a division thereof, and alleging that the difference was then and there paid. The plaintiff in reply alleged, "That by some mistake, oversight or error a proper computation in differences in value was not made although the values were fully agreed upon."

The issues thus joined were whether there was any error in computing the values agreed upon, and whether upon a correct computation there was anything due to the plaintiff under the agreement more than had been paid. There was no issue in the former case as to whether anything was due to the plaintiff on an accounting under the agreements for shortages and collections, nor were there any issues as to omissions or under-valuations, by fraud, accident or mistake in estimating the fence company's assets. The cause of action as shown by the pleadings in that case and in this are entirely distinct, and neither is incident to or essentially connected with the subject-matter of the other. In the former action the plaintiff by amendment asked to recover under the contract on account of shortages and collections, thus presenting the same claim that is presented in this action, though probably not covering so many items. This amendment was by leave of court withdrawn and dismissed without prejudice, thus taking the claim as entirely out of the case as if the amendment had never been made. On the trial of the former case there was some testimony with respect to this subject, but it is evident that this claim of the plaintiff was not in issue, nor passed upon in that case. Our conclusion is that the former adjudication is not a bar to either of plaintiff's causes of action as set up in this case.

IV. We infer from the overruling of defendant's motion to transfer the case to the law docket that it was tried as in equity, yet upon the trial the court sustained defendant's objections to all testimony offered by the plaintiff in support of his second claim, holding the same to be barred by the former adjudication. The testimony so offered was not taken, and hence is not before us so that we can render judgment thereon.

It follows from the views already expressed that the judgment of the district court must be reversed, and with this state of the record the case will be remanded for further trial. As under the conclusions reached the case must be retried, we do not pass upon the issue as to the sum, if any, that either party may be entitled to recover. REVERSED.