LEW KILE et al., Appellants, v. JOHN H. HOGAN et al., Appellees.

**GUARDIAN AND WARD:** Sales and Conveyances—Jurisdiction 1 —Failure to Appraise—Effect. Omission to *appraise* the real property of an insane person will not, of itself, invalidate a sale and conveyance thereof by the guardian, such omission being a matter not going to the *jurisdiction* of the court to order a sale. See Secs. 3212, 3325, Code, 1897.

**GUARDIAN AND WARD:** Sales and Conveyances—Collateral Attack. 2 tack. Principle recognized that sales of real estate by guardians may not be collaterally attacked.

*Appeal from Polk District Court.*—W. S. AYRES, Judge.

MONDAY, SEPTEMBER 24, 1917.

SUIT in equity for partition and to set aside a guardian's deed and other conveyances of real estate. Decree in favor of defendants. Plaintiffs appeal.—*Affirmed*.

*E. P. Hudson* and *R. L. Hudson,* for appellants.

*Geo. Wambach, W. F. Riley,* and *I. W. Douglas,* for appellees.

STEVENS, J.—I.  Plaintiffs are the children, grand-children and heirs at law of Lawrence Kile, who died February 14, 1915, intestate.  On September 6, 1912, he was adjudged of unsound mind, and a guardian was appointed to look after and manage his business for him.  He was at that time the owner of the S½ SW¼ of Section 30, Township 80 north, Range 23 west, Polk County, Iowa, containing 88.74 acres.  The proceedings for the appointment of a guardian were begun in the name of Barbara Kile, his wife.  On or about August 11, 1913, John H. Hogan, as guardian of Lawrence Kile, sold the real estate to the defendant William Young, who in turn sold it to one of his codefendants.  The remaining defendants, except Barbara Kile, surviving widow of Lawrence Kile, are mortgagees or grantees, and have some apparent interest in said real estate.

Plaintiffs, in their petition, pray the cancellation of the guardian's deed; that the several conveyances therein referred to be set aside; that the incumbrances placed on said real estate be cancelled, set aside, and held for naught; that title be quieted in them and their interest ascertained and decreed in said real estate; and that same be partitioned, or, in the event that same cannot be equitably done, that same be sold and the proceeds divided among them, according to their respective interests.

The grounds upon which the prayer of plaintiffs' petition is based are that the appointment of a guardian for Lawrence Kile and the order authorizing the sale of the real estate by the guardian were unauthorized; that the court was without jurisdiction either to appoint a guardian or order the sale of said real estate, for the reason that notice was not served upon Lawrence Kile of the petition for the appointment of a guardian and of the application to sell the real estate, as required by law; and that same was sold without appraisement, and for less than its value.

The defendant Barbara Kile, by a quitclaim deed, con-

veyed her interest therein to the defendant William Young, who was named as grantee in the guardian's deed. The record shows that the statute providing for the appointment of a guardian for an insane person was complied with; that due notice was served upon the defendant of the pendency of the petition of his wife for that purpose; that a guardian *ad litem* was appointed and filed answer; that all of the proceedings relative thereto were regular; and that the court had jurisdiction to make said appointment.

Section 3225 of the Supplement to the Code, 1913, authorizes the sale or mortgage of real estate belonging to drunkards, spendthrifts, and lunatics by the guardian thereof, and is as follows:

"Whenever the sale or mortgage of the real estate of such ward is necessary for his support or for the support of his family or the payment of his debts, or will be for the interest of the estate or his children, the guardian may sell or mortgage the same under like proceedings as required by law to authorize the sale of real estate by the guardian of the minor. . *  *  *"

Section 3206 of the Code provides for the mortgaging or sale of real estate belonging to minors, while Code Section 3207 prescribes the notice to be served upon such minor of the petition for that purpose, and is as follows:

"The petition for that purpose must state the grounds thereof, be verified by oath, and a copy thereof, with a notice of the time at which such application will be made to the court or judge, must be served personally upon the minor at least ten days prior to the time fixed for such application."

It appears that a copy of the petition of the guardian for the sale of the real estate in question, together with a notice thereof stating the time and place of the hearing of said petition, was served upon Lawrence Kile, and return thereof made by the sheriff of Polk County. The return

of the sheriff, when first made, did not state that a copy of the petition was attached thereto or delivered to Lawrence Kile. Later, however, the return was so amended as to conform to the facts, from which it appears that a copy of the petition was in fact attached to the notice and delivered to Lawrence Kile at the time of the service thereof. A guardian *ad litem* was appointed by the court, who filed answer. The petition alleged that William Young had offered $140 per acre, cash, for the real estate therein described, and that the price so offered was the best obtainable, and the guardian recommended that the same be sold therefor at private sale, and that appraisement be waived. The provisions with reference to appraisement are governed by the following sections of the Code of 1897:

"Section 3212. The rule prescribed in the sale of real property by executors shall be observed in relation to the evidence necessary to show the regularity and validity of the sales of guardians;   *   *   *"

Turning to sale by executors, we find the following:

"Section 3325. The real estate shall, when to the interest of the estate, be divided into parcels, appraised as the personal estate was, and the appraisement filed in like manner;   *   *   *

"Section 3326.   *   *   * No property can be sold at private sale for less than the appraisement, without the express approval of the court or judge."

1 GUARDIAN AND WARD : sales and conveyances : jurisdiction : failure to appraise : effect.

The court, in its order authorizing the sale, found that the price offered for said real estate was fair, just and reasonable, and the best obtainable, and authorized the sale thereof without the formality of appraisement. The land was, therefore, sold by the guardian without appraisement. The court having jurisdiction to authorize the sale of said real property, the omission of the appraisement was an irregularity only, and

in no way affected the jurisdiction of the court to order the sale of the real estate. *Bunce v. Bunce,* 59 Iowa 533; *Hamiel v. Donnelly,* 75 Iowa 93; *Dohms v. Mann,* 76 Iowa 723; *Bacon v. Chase,* 83 Iowa 521.

Counsel for appellants refer to other sections of the statute prescribing the manner of serving notice upon a person of unsound mind. These statutes relate to the commencement of actions against a person of unsound mind, and not to proceedings by guardians for the sale of the real estate of their wards.

II.   Plaintiffs' petition is drawn upon the theory that the district court was without jurisdiction either to appoint a guardian for Lawrence Kile or to order the sale of his real estate; but, as appears from the record, the court did have jurisdiction, and the omission to have the property appraised, and other matters complained of by appellants, are irregularities, and do not go to the matter of jurisdiction. While it is charged that the price at which the real estate sold was much less than the price for which it was sold shortly thereafter, no evidence was offered for the purpose of showing that, at the time of the sale, the land could have been sold for a larger amount by the guardian; nor is it claimed that there was fraud in any of the transactions or proceedings referred to in plaintiffs' petition.

2. GUARDIAN AND WARD: sales and conveyances: collateral attack. The wife of Lawrence Kile conveyed her interest in the real estate by quitclaim deed to the purchaser thereof from the guardian, who was appointed upon her application, and she is made a party defendant in this suit. The sale cannot be collaterally attacked. *Dohms v. Mann,* supra; *Bacon v. Chase,* supra; *Hamiel v. Donnelly,* supra; *Rice v. Bolton,* 126 Iowa 654; *Bunce v. Bunce,* supra.

It is our conclusion that the lower court rightly held that the guardian's sale should not be set aside, and that

same should be sustained. The judgment of the lower court is therefore—*Affirmed.*

GAYNOR, C. J., WEAVER and PRESTON, JJ., concur.