DAISY C. CREGER et al., Appellants, v. FLORENCE FENIMORE et al., Appellees.

No. 41863.

JUNE 20, 1933.

C. A. Robbins and Percival & Wilkinson, for appellants.

C. E. Hamilton, and Harris & Birkhead, for appellees.

ALBERT, J.—On February 8, 1923, the plaintiffs, together with Annon Fenimore and Elmer Fenimore, acquired title to about 275 acres of land which is in controversy herein. The five executed jointly a mortgage for the purchase price thereof to the Security Loan & Title Company of Winterset, Iowa, for the sum of $10,000. The indebtedness thus secured was represented by three promissory notes, one for $2,000, one for $3,000, and one for $5,000. These notes and mortgage all bore date February 16, 1923.

On December 3, 1926, Elmer Fenimore sold and conveyed his undivided one-fifth interest in said real estate to Annon Fenimore. On February 27, 1923, Annon paid in full the aforesaid $2,000 note, and on March 1, 1928, paid $2,000 to apply on the principal of the said $3,000 note. On March 1, 1930, he purchased from the Security Loan & Title Company the $5,000 note, together with the $3,000 note, on which latter note there was a balance due of $1,000. At that time the Security Loan & Title Company assigned the mortgage—which assignment was duly recorded on the same date—and transferred the two latter notes to Annon Fenimore. Said Annon Fenimore died testate on September 23, 1930, in Jasper county, Mo., and his will was duly probated in that county.

By the terms of said will he bequeathed all of his personal property (except the notes for $6,000 secured by the aforesaid mortgage on the above described land) to his wife, Florence. As to the aforesaid notes and mortgage, he bequeathed Florence the

income and interest therefrom for and during her natural life. He also devised to her his undivided two-fifths interest in the aforesaid farm for her natural life, and on her death he devised and bequeathed to his daughter Pearl Hole the undivided one-half interest in and to the aforesaid mortgage and note, together with an undivided one-fifth interest in and to said farm. The other undivided one-half interest in said mortgage and notes and the farm were devised and bequeathed to his daughter Ethel Davis.

To simplify the statement, the title to this property without dispute seems to be as follows: Each of the three plaintiffs is the owner of an undivided one-fifth thereof. Pearl Hole and Ethel Davis are each the owner of an undivided one-fifth thereof, subject to the life estate in Florence Fenimore, their mother, and plaintiffs insist that it should be partitioned in this way. The defendants insist that by reason of the outstanding, unsatisfied mortgage, the title— which seems to be in Florence Fenimore, Pearl Hole, and Ethel Davis—and the further fact that Annon Fenimore paid $4,000 to apply on the mortgage indebtedness, plaintiffs are entitled to a one-fifth interest in said property, subject to the lien of plaintiffs' proportionate share of the original indebtedness. As stated in one count of their cross-petition, they claim this right by subrogation and in the other on the doctrine of contribution.

It is conceded by all parties that the interest originally held by Annon Fenimore in said land was not necessary to the settlement of his estate.

The first question urged on our attention is that the payment of the first note of $2,000 by Annon Fenimore occurred more than five years before the cross-petition herein was filed, and the only right of the defendants is the right of contribution, and, therefore, the statute of limitations (Code 1931, section 11007) has run against the claim on that note.

Assuming at this point that the right to make claim against the plaintiffs on the $2,000 note is a right of contribution, we cannot agree with this claim of appellants. It is to be remembered that these parties were tenants in common on this land. So long as they occupied such relation to each other as to matters of accounting between them, the statute of limitations did not commence to run until there was a demand for settlement. See 62 C. J. 497 and cases there cited.

■ II. Appellants next insist that the cross-petitioners cannot sue jointly and each must sue separately; and, further, that the defendants in the cross-petition are not liable jointly, and the duty of each cross-petitioner is to proceed against each co-obligor separately.

While this may be true in a general way, yet this is an action in equity, and all parties interested are in court and the matters involved grow out of the same subject-matter. Under these circumstances, we think equity has jurisdiction to determine all of these matters, and the rights of the respective parties, and the general rule as to separate actions does not apply. This is a very convenient way of avoiding multiplicity of suits, however, under which circumstances equity always has jurisdiction. The doctrine of contribution between joint defendants is established and recognized in this state as in all other states. We have applied it in Leach v. Hall, 95 Iowa 611, 64 N. W. 790; Rippe v. Badger, 125 Iowa 725, 101 N. W. 642, 106 Am. St. Rep. 336; that contribution is always compellable, see Sears v. Sellew, 28 Iowa 501; Flickinger v. Price, 165 Iowa 570, 146 N. W. 738.

In a large share of partition cases, the condition which exists in the present case arises, and equity has always adjusted the rights of the various parties to the partition case and settled matters of difference between them. We think this is the proper practice, thus avoiding a multiplicity of suits. We find, in accordance with the district court, that said real estate cannot be equitably divided, and the same should be sold. From the proceeds thereof, subject to the provisions hereinafter made, each of the plaintiffs is entitled to an undivided one-fifth interest, and Pearl Hole and Ethel Davis are each found to be the owners of an undivided one-fifth interest, subject to a life estate in the mother, Florence Fenimore.

We find, however, that the one-fifth interest of each of the above plaintiffs is subject to a deduction of one-third of the $6,000 balance remaining unpaid on the note secured by the mortgage, together with interest thereon at $5\frac{1}{2}$ per cent per annum from March 1, 1930, and the two-fifths interest which passes to Florence Fenimore, Pearl Hole and Ethel Davis should not be charged with the payment of any part of the $6,000. In other words, the referee shall sell said property and shall distribute the proceeds by, first, paying the costs, including attorney's and referee's fees at the statutory rate; second, two-fifths of the remaining proceeds

to be paid to F. S. Hamilton, trustee, for Pearl Hole and Ethel Davis, and the income therefrom to Florence Fenimore during her life; and, third, from the balance thereof there shall be deducted the sum of $6,000, with interest from March 1, 1930, at 5½ per cent, the same to be paid to F. S. Hamilton, trustee, for the benefit of Florence Fenimore, Pearl Hole, and Ethel Davis as their interest appears above; the remainder to be divided share and share alike among the plaintiffs in this action.

The action of the district court is affirmed.

KINDIG, C. J., and EVANS, DONEGAN, CLAUSSEN, and STEVENS, JJ., concur.