# Beall *v.* Dushane, Assignee in Bankruptcy, Appellant.

[Marked to be reported.]

*Bankruptcy—Acceptance of property by assignee—Delay.*

Property, which from its nature may be a burden, rather than a benefit to the estate, does not pass to an assignee in bankruptcy without a distinct acceptance by him; and the assignee must make his election within a reasonable time.

Where the bankrupt was the owner of an interest in a telegraph line an agreement to maintain and work which had been made with a railroad company, out of which agreement grew a tedious and expensive litigation at the conclusion of which a judgment was recovered against the company, the assignee in bankruptcy, after having for many years asserted no ownership in the interest in the telegraph line or taken any part in the suit, cannot upon the successful termination of the suit claim the resulting fund; especially as against an attaching creditor of the bankrupt on a judgment obtained for a debt incurred subsequent to his bankruptcy.

*Act of congress of March 2, 1867.*

The application to the facts of such a case of the act of congress of March 2, 1867, Rev. Stat. § 5057, requiring certain suits between assignees in bankruptcy and others to be brought within two years of the time the cause of action accrued, is more than doubtful: Per PAXSON, C. J.

Argued May 11, 1892. Appeal, No. 333, Jan. T., 1892, by Joshua M. Dushane, assignee in bankruptcy, a defendant, from judgment of C. P. Fayette Co., Sept. T., 1888, No. 28, for plaintiff, Alpheus Beall, on case stated. Before PAXSON, C. J., GREEN, WILLIAMS, MITCHELL and HEYDRICK, JJ.

Case stated.

Alpheus Beall, having obtained judgment against Abraham O. Tinstman and issued an attachment execution against the Pittsburgh and Connellsville Railroad Company, and Joshua M. Dushane, the assignee in bankruptcy of said Abraham O. Tinstman, intervening and claiming the fund attached, the following case stated was agreed on:

"It is hereby agreed that there is the sum of $947.43, in the hands of the garnishee, which is the amount of damages recovered on the interest of said defendant in the joint ownership of the Shaw line of telegraph between Uniontown and Connellsville, which said interest became the property of the said Tinstman by subscription and payment therefor in the

year 1865. That the said amount of $947.43 was awarded as damages as shown by the copy of the narr at No. 105 September term, 1882, filed herewith, on the interest of said defendant in said telegraph line for a breach of contract contained in certain articles of agreement made and concluded between James L. Shaw and said garnishee relative to maintaining and working said telegraph line. That said damages covered the period from January 1, 1874, to September 1, 1887, and were recovered from the said garnishee by litigation begun by said James L. Shaw in the court of common pleas of the said county at No. 105, September term 1882, James L. Shaw v. Pittsburgh and Connellsville Railroad Company. That the said Abraham O. Tinstman was made one of the use plaintiffs in said action on October 2, 1885. That on the 5th day of April, 1876, the said A. O. Tinstman was adjudicated an involuntary bankrupt, and on the 8th day of July, 1876, Welty McCullough was appointed assignee in bankruptcy of the said A. O. Tinstman by regular proceedings under the bankrupt law, and that the said Welty McCullough took upon himself the duties of the said appointment. That the said Welty McCullough has died since the commencement of this suit, and Joshua M. Dushane has been regularly appointed his successor as such assignee. That Abraham O. Tinstman was duly discharged as a bankrupt under the said proceedings on the 3d day of January, 1877. That the deed of the register in bankruptcy to said assignee conveyed only the property which said Tinstman possessed, 'was interested in or entitled to on the 5th day of April, 1876,' (see Deed Book No. 31, page 483,) and that the schedule of assets filed by said assignee did not embrace said bankrupt's interest in said telegraph line.

"That the said A. O. Tinstman, after his discharge as a bankrupt as aforesaid, engaged in business and became indebted to the said Alpheus Beall in the sum of $730.54, for which a judgment was rendered against him on the 24th day of November, 1886, at No. 92 December term 1886, of the court of common pleas of Fayette county aforesaid, upon which judgment this attachment execution was issued on the 9th day of June, 1888, and was served on the said garnishee on the 15th day of June, 1888.

"If upon these facts the court shall be of opinion that the

said Alpheus Beall is entitled to payment of his said claim out of the said fund, judgment is to be entered for the plaintiff for the sum of $947.43, which sum shall include all costs in this action; but if the court shall be of a different opinion, judgment is to be entered for the defendants, with leave to all parties to sue out writs of error.

" S. E. EWING,
" Atty. of Plff.
" EDWARD CAMPBELL,
Atty. for J. M. Dushane, assignee in bankruptcy of A. O. Tinstman.
" S. L. MESTREZAT,
" Atty. of Garnishee.

" It is hereby agreed that the following shall be added to and become a part of this case stated.

" Welty McCullough, assignee in bankruptcy of said A. O. Tinstman, died August 31st, 1889.

" Joshua M. Dushane was appointed assignee in bankruptcy of said A. O. Tinstman in place of said Welty McCullough, on Dec. 14th, 1889.

" Joshua M. Dushane, said assignee, intervened in the above styled case on Sept. 11th, 1890.

(Signed as above.)

The court below by EWING, J., made the following order for judgment:

" And now, to wit, Feb. 1st, 1892, for the reasons given in the foregoing opinion, it is hereby ordered and directed that judgment be entered on the case stated in favor of the plaintiff and against the Pittsburgh and Connellsville Railroad Company, garnishee, for the sum of $947.43, which sum shall include all costs, and that the plaintiff have execution for said sum, the debt due by said garnishee to said Tinstman, defendant, in satisfaction of his judgment, debt, interest and costs, and if the said garnishee refuse or neglect on demand to pay the same, then the same to be levied on the goods and chattels, lands and tenements of the said garnishee, according to law, as in the case of a judgment against it for its own proper debt, and that the said garnishee be thereon discharged as against said Tinstman, and the said Dushane, assignee, for said sum so attached and levied in its hands, etc."

*Error assigned* was the entry of judgment for plaintiff, quoting above order.

*Edward Campbell*, for appellant.—The act of 1867 does not apply : Sedgwick v. Casey, 4 Nat. Bank. Reg. 161; Clark v. Clark, 17 How. 319.

The assignee is the owner of the interest of Tinstman in the telegraph line and therefore is entitled to the fund in the garnishee's hands ; that this interest does not appear in the schedule of assigned property makes no difference : Bump on Bankruptcy, 4th ed., 322, § 14 ; In re Gregg, 3 Nat. Bank. Reg., 131 ; Mays v. Manufacturers Nat. Bk., 4 Nat. Bank Reg. 147.

*S. E. Ewing*, for appellee.—The assignee has been guilty of such extraordinary laches that no court will help him : Sparhawk v. Yerkes, 142 U. S. 1 ; Glenny v. Langdon, 98 U. S. 20 ; American File Co. v. Garrett, 110 U. S. 288 ; Smith v. Gordon, 6 Law Rep. 313 ; Amory v. Lawrence, 3 Cliff. 523 ; Streeter v. Sumner, 31 N. H. 542 ; Nash v. Simpson, 78 Me. 142 ; Ex parte Houghton, 1 Lowell, 554 ; In re Leamouth, 14 Week. Rep. 628 ; Taylor v. Irwin, 20 Fed. Rep. 615.

OPINION BY MR. CHIEF JUSTICE PAXSON, May 23, 1892 :

This was an attachment execution in the court below. A suit had been commenced by James L. Shaw in 1882, against the Pittsburgh & Connellsville R. R. Co., and in this suit one A. O. Tinstman was made a use plaintiff on Oct. 2, 1885. A judgment was recovered therein, of which the share of Tinstman amounted to $947.43, which is the sum in controversy. Tinstman became indebted to Alpheus Beall, the plaintiff, and for that indebtedness Beall obtained a judgment against him for $730.54 on Oct. 4, 1886. Upon that judgment this attachment execution was issued June 9, 1888, and served on said railroad company, garnishee, June 15, 1888. So far there is no difficulty. It appears, however, that, in 1876, A. O. Tinstman was adjudicated a bankrupt, and an assignee appointed. This assignee died in Aug., 1889, and in December of the same year Joshua Dushane was appointed assignee in bankruptcy in his place. On Dec. 11, 1890, said Dushane intervened in this proceeding and made claim to said fund as assignee in bankruptcy of said Tinstman. This was the first move on the part

of the assignee, although the litigation began in the summer of 1882, and Tinstman himself appeared upon the record as a claimant to the fund in Oct., 1885, which was more than five years prior to the claim now made by the assignee.

The learned judge below held that the assignee was not entitled to the money, because of his great delay, and, also, by reason of the provisions of § 5057, Revised Statutes of the United States, act of March 2, 1867, chapter 176, § 2, which provides that: "No suit, either at law or in equity, shall be maintainable in any court between an assignee in bankruptcy and a person claiming an adverse interest touching any property, or rights of property, transferable to or vested in such assignee, unless brought within two years from the time when the cause of action accrued for or against such assignee."

We do not rest our decision upon the act above cited, as its application to the facts of this case is more than doubtful. We think, however, that the delay of the assignee is fatal to his claim. An assignee in bankruptcy is not bound to take possession of all property that vests in him by force of the assignment. It has always been a principle of the bankrupt law that property, which, from its nature or condition, may be a burden rather than a benefit to the estate, does not pass to the assignee without a distinct acceptance by him, and that in the absence of such acceptance it remains with the bankrupt: Glenny v. Langdon, 98 U. S. 20 ; American File Co. v. Garrett, 110 Id. 288. It is needless to cite additional authorities for so plain a proposition. It is settled law, both in England and in this country. In Amory v. Lawrence, 3 Clifford, 523, the court held that where the assignee elects not to take the right of the bankrupt, and charge the estate with the burden of an uncertain litigation, the right, whatever it is, survives to the bankrupt. And in Taylor v. Irwin, 20 Federal Reporter, 615, it was held, that it is for the assignee to determine whether or not, in the given case, he will assert his right to property. This election must be exercised within a reasonable time. A failure to do so may, as against third parties, be construed as an election not to claim the property: Citing Amory v. Lawrence, supra, and Smith v. Gordon, 6 Law Rep. 313.

There was, perhaps, good reason why the assignee did not earlier assert his claim in this case. The matter involved was

in litigation, which was protracted, uncertain and expensive. He may have thought it wise not to burden the assigned estate with a litigation that might result in loss. Be that as it may, we do not think he can come in at this late day and gather the fruits of the litigation. The parties had a right, under the circumstances, to assume that he had made his election to abandon it. We are of opinion that the court below committed no error in awarding the fund to the attaching creditor.

Judgment affirmed.