In re FRAZIN et al.

(Circuit Court of Appeals, Second Circuit. November 14, 1910.)

No. 31.

1. BANKRUPTCY (§ 255*)—PROPERTY PASSING TO TRUSTEE—LEASE.

Under Bankruptcy Act July 1, 1898, c. 541, § 70a, 30 Stat. 565 (U. S. Comp. St. 1901, p. 3451), a trustee in bankruptcy takes title to a lease held by the bankrupt only in case he elects to accept it within a reasonable time after his appointment, when the vesting of the title relates back to the date of adjudication. If he does not elect to accept, the lease remains the property of the bankrupt.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. § 352; Dec. Dig. § 255.*]

2. BANKRUPTCY (§ 255*)—LEASE—WAIVER OF RIGHT OF RE-ENTRY BY LESSOR.

Bankrupts at the time of their bankruptcy occupied premises under a lease which provided that, if it should by operation of law devolve upon or pass to any person other than the lessees, the lessor might at its election re-enter and take possession of the property. Receivers were appointed, who occupied the premises and paid the rent, and the lessor also accepted one month's rent from the trustee. *Held*, that title to the lease did not devolve upon the trustee until some affirmative act of acceptance on his part, and that therefore the previous acceptance of rent by the lessor was not a waiver of its right to re-enter and terminate the lease under its provisions upon the trustee's election to accept it.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. § 352; Dec. Dig. § 255.*]

Ward, Circuit Judge, dissenting.

Petition to Review an Order of the District Court of the United States for the Southern District of New York.

In the matter of Louis Frazin and Abraham M. Oppenheim, individually and as partners, as Frazin & Oppenheim, bankrupts. On petition of the United Cigar Stores Company to revise an order (174 Fed. 713) granting an injunction. Order reversed.

See, also, 181 Fed. 307.

---

In 1907 the petitioner leased to the bankrupts certain premises in the city of New York, and this lease was in force at the time of the bankruptcy. The lease contained the following provision:

"If at any time during the term hereby demised, proceedings in bankruptcy shall be instituted by or against the lessee, * * * or if a receiver or trustee shall be appointed of the lessee's property, or if this lease shall by operation of law devolve upon or pass to any person or persons other than the said lessee, then and in each of said cases it shall and may be lawful for the lessor, at the lessor's election, into and upon the said demised premises or property, or any part thereof in the name of the whole to enter the same and to have, hold, possess and enjoy."

Receivers in bankruptcy were appointed in February, 1909, and they continued to occupy the leased premises, paying the stipulated rent, until August, 1909, when a trustee was appointed and took possession.

The lessor accepted one month's rent from the trustee, but the trustee did no affirmative act to accept the lease.

The trustee applied to the referee in bankruptcy for an order enjoining the petitioner from setting up any claim of the right to re-enter upon said premises in the event of the sale or assignment of the leasehold interest by the trustee. The referee denied this application of the trustee; but, upon review, the District Court reversed the order of the referee and enjoined the petitioner from re-entering upon said premises by reason of the breach of any covenant or condition in said lease.

The present petition is for the revision of said order of the District Court.

Stroock & Stroock (S. M. Stroock, Charles Levy, and E. F. Spitz, of counsel), for petitioner.

G. B. Plante, for respondent.

Before LACOMBE, WARD, and NOYES, Circuit Judges.

NOYES, Circuit Judge (after stating the facts as above). It is clear that the lessor, by the acceptance of the rent stipulated in the lease, waived the right to re-enter on account of the bankruptcy or the appointment of the receiver or the trustee. The inquiry then is whether there was devolution of the lease by operation of law and whether the lessor waived the right of re-entry by reason of it.

If the title to the leasehold interest devolved upon the trustee immediately upon his appointment, it is manifest that a breach of the condition took place at that time, and the lessor by thereafter accepting rent from the trustee waived the right to re-enter and was properly enjoined.

On the other hand, if the title to the leasehold interest did not pass to the trustee until after some act of acceptance upon his part, then there was no devolution of title prior to the receipt of the rent from the trustee, and, consequently, no waiver and no ground for the injunction. So the real question in the case is this: When does the title to a lease held by a bankrupt vest in the trustee?

In the very recent case of In the Matter of Roth & Appel, 181 Fed. 670, decided by this court in August, 1910, it was said:

"We think the early law as stated in Ex parte Houghton, supra (1 Low. 554, Fed. Cas. No. 6,725), is the law under the present bankruptcy statute applicable in the case of leases having the usual covenants and conditions. In that case the court said:

"'The earlier law of England, which we have adopted in this country, was that the assignees of a bankrupt have a reasonable time to elect whether they will assume a lease which they find in his possession; and, if they do not take it, the bankrupt retains the term on precisely the same footing as before, with the right to occupy, and the obligation to pay rent.'"

A further examination of the authorities confirms our opinion that the extract from Ex parte Houghton correctly states existing law.

The early English bankruptcy statute was construed in the leading case of Copeland v. Stevens, 1 B. & Ald. 593, decided in 1818; Lord Ellenborough writing the opinion. The following is the headnote of that case:

"The general assignment of a bankrupt's personal estate under the commission does not vest a term of years in the assignee, unless they do some act to manifest their assent to the assignment as it regards the term, and their acceptance of the estate, rents, etc. And therefore till some act of this sort is done by them, the term still remains in the bankrupt, and he is liable to the payment of rent accruing due subsequent to the bankruptcy."

The later English statutes provide for the vesting of a bankrupt's property in the trustee and expressly authorize him to disclaim burdensome leases. Under these statutes, it is held that the title to all leases vests in a trustee upon his appointment, and that he is liable upon them unless he disclaim them. But, in view of the changes in the acts, the later decisions can hardly be regarded as materially modifying the law of the earlier English cases or as affecting the American decisions referring to them.

The law as stated in Ex parte Houghton is also in accordance with decisions of the Supreme Court of the United States and other courts under the bankruptcy act of 1867 (Act March 2, 1867, c. 176, 14 Stat. 517).

In Dushane v. Beall, 161 U. S. 513, 515, 16 Sup. Ct. 637, 638, 40 L. Ed. 791, the Supreme Court said:

"It is well settled that assignees in bankruptcy are not bound to accept property which, in their judgment, is of an onerous and unprofitable nature, and would burden instead of benefit the estate, and can elect whether they will accept or not after due consideration and within a reasonable time, while, if their judgment is unwisely exercised, the bankruptcy court is open to compel a different course."

And in the same case the Supreme Court of Pennsylvania said (149 Pa. 439, 443, 24 Atl. 284, 285); its decision in this respect being unaffected by the reversal in the Supreme Court of the United States:

"It has always been a principle of the bankrupt law that property which from its nature or condition may be a burden rather than a benefit to the estate does not pass to the assignee without a distinct acceptance by him, and that in the absence of such acceptance it remains in the bankrupt."

In United States Trust Company v. Wabash Railway, 150 U. S. 289, 14 Sup. Ct. 86, 90, 37 L. Ed. 1085, the Supreme Court also said:

"The general rule applicable to this class of cases is undisputed that an assignee or receiver is not bound to adopt the contracts, accept the leases, or otherwise step into the shoes of his assignor, if in his opinion it would be unprofitable and undesirable to do so; and he is entitled to a reasonable time to elect whether to adopt or repudiate such contracts."

In Matter of Otis, 101 N. Y. 580, 5 N. E. 571, the New York Court of Appeals said:

"It is well settled that a receiver, or an assignee in bankruptcy, or an assignee for the benefit of creditors, if he elects to accept a lease belonging to the debtor, or assignor, becomes by such election assignee of the lease and

personally liable on the covenant to pay rent, of which liability he can only discharge himself by an assignment or surrender. * * * This doctrine proceeds on the ground that, on the election being made, the receiver or assignee becomes vested with the title to the leasehold interest, and a privity of estate is thereby created between the lessor and the receiver or assignee, by virtue of which the latter becomes liable on the covenants running with the land."

As already noted, these decisions were under the act of 1867, but the act of 1898 (Act July 1, 1898, c. 541, 30 Stat. 544 [U. S. Comp. St. 1901, p. 3418]), cannot be regarded as essentially different.

The following is the relevant provision of the act of 1867:

"All property * * * shall in virtue of the adjudication of bankruptcy and the appointment of his assignee, and subject to the exceptions stated in the preceding section, be at once vested in such assignee."

The act of 1898 (section 70) provides:

"The trustee of the estate of a bankrupt upon his appointment and qualification * * * shall * * * be vested by operation of law with the title of the bankrupt as of the date he was adjudged a bankrupt."

A provision that property shall vest in a trustee as of the date of adjudication is not very different from a provision that by virtue of the adjudication and the appointment of an assignee all property shall at once vest in him. The only distinction would seem to be that if, under the act of 1867, the adjudication preceded the appointment of the trustee, the passing of title might not relate back to the date of adjudication; but such a distinction is of no importance in this case.

That the same principles are applicable under the act of 1898 as under the act of 1867 is held by the authorities. Thus in Re Ells (D. C.) 98 Fed. 967, the court said:

"I can find nothing in the act of 1898 to produce a result different from that of the act of 1867. Had there been no clause giving the lessor the right to re-enter, the trustee in bankruptcy would have had a reasonable time to elect whether to assume or to refuse the lease. If he had assumed it, the bankruptcy would have operated like any other assignment, and would have released the bankrupt from all liability, except upon those of his covenants not already broken which would have remained binding upon him after any other assignment. If the trustee had refused to take the lease, the bankrupt would have remained tenant as before."

And in Watson v. Merrill, 136 Fed. 359, 363, 69 C. C. A. 185, 189, 69 L. R. A. 719, the Circuit Court of Appeals of the Eighth Circuit said, with respect to the act of 1898:

"An adjudication in bankruptcy does not dissolve or terminate the contractual relations of the bankrupt. * * * Its effect is to transfer to the trustee all the property of the bankrupt except his executory contracts, and to vest in the trustee the option to assume or to renounce these."

Now, if the title to a lease passes nolens volens to the trustee immediately upon his appointment, he has not the election which the Supreme Court says that he has of accepting it or not. His only option is to retain it or convey it back to the bankrupt, which is a very different thing. Moreover, if the bankrupt be divested of his interest in the leasehold estate, and it be vested in the trustee immediately upon his appointment, it is difficult to see upon what theory he

can escape its obligations pending its retransfer. And if reconveyance be necessary, upon what principle can the bankrupt be compelled to accept it? In our opinion, upon principle and authority, a trustee, having the option to assume or reject a lease, takes title to such lease only in case he elect to accept it. If he elect to accept it, then, by virtue of the provision of the bankruptcy act already quoted, the vesting of the title relates back to the date of adjudication. But, if the trustee do not elect to accept the lease, it remains the property of the bankrupt.

It is said, however, that this conclusion is at variance with the express provision of the bankruptcy act that all the estate of the bankrupt shall vest in the trustee as of the date of the adjudication; that a leasehold interest is property and must necessarily pass with all other property. In our opinion, however, the provisions of the bankruptcy act must be read in view of the principle stated in many decisions and expressly recognized in the English bankruptcy statutes that there is a distinction between property which may be burdensome to an estate and that which is manifestly beneficial to it. The latter, of course, passes upon the adjudication. The former passes only when accepted by the trustee; but, when accepted, the passing of title relates back to the time of the adjudication. If there be no acceptance, however, the title to a burdensome lease never passes. The property which may be said to pass immediately to the trustee in every case is not the lease itself, but the option of accepting it.

It follows as a corollary to these conclusions that, prior to the petition upon which the order in question was made, there had been no devolution of the title to the lease, and, consequently, that the petitioner was erroneously enjoined from enforcing the forfeiture provided for in the lease in case of such devolution.

The order of the District Court is reversed, with costs.

WARD, Circuit Judge (dissenting). I think this case should be affirmed. We ought not to say, in the face of the express provisions of the bankruptcy act, that the lease did not vest in the trustee. Of course the trustee has by the decisions of our courts the same right to disclaim that is expressly given by the English statute. Upon disclaimer in either case the title would re-vest in the bankrupt without any formal conveyance. All this was held as to the act of 1867 in Sessions v. Romadka, 145 U. S. 29, 39, 12 Sup. Ct. 799, 36 L. Ed. 609. No doubt an option is property, but the option to accept or disclaim the lease never was the property of the bankrupt and could not pass as such to his trustee.