## In re GEORGALAS BROS.

### (District Court, N. D. Ohio, E. D.   September 11, 1917.)

### No. 6325.

1. LANDLORD AND TENANT ⬅79(2)—ASSIGNMENT OF LEASE—RIGHTS OF ASSIGNEE.

    Even though an assignment or transfer of a lease by a partnership to one of its members was not a breach of the covenant therein against assignment without the lessor's consent and gave the lessor no right to avoid the lease, the assignee nevertheless took the lease subject to such covenant.

2. LANDLORD AND TENANT ⬅76(2)—ASSIGNMENT OF LEASE—BREACH OF COVENANTS.

    An adjudication in bankruptcy against a partnership operates as a transfer to the trustee by operation of law of a lease held by one of the partners, within a covenant in the lease authorizing the lessor to avoid the lease and retake possession if the lessee should become bankrupt, or if the lease should pass by transfer, operation of law, or otherwise from the lessee to any other party without the lessor's written consent, even though the partnership alone, and not the members of the firm, was adjudged a bankrupt.

3. LANDLORD AND TENANT ⬅104—RIGHT TO AVOID LEASE—TRANSFER BY OPERATION OF LAW.

    A lease may be so framed that a transfer by operation of law will avoid it, at the lessor's option.

4. LANDLORD AND TENANT ⬅112(1)—TRANSFER OF LEASE—WAIVER OF FORFEITURE.

    Where the receiver in bankruptcy of a partnership was in the possession of leased premises from the date of the filing of the petition until possession was taken by the trustee, and the lessor did not assume any position inconsistent with his right to avoid the lease, or do any act which could be construed as waiving such right, but notified the partnership and the members thereof of his election to avoid the lease, and appeared and filed an answer claiming that the lease had been forfeited, and asked for an order surrendering the premises to him, he did not waive his right to avoid the lease under a provision therein authorizing him to avoid

⬅For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

it in case of a transfer by operation of law or otherwise, as he could not avail himself of the right accorded him by the lease to retake possession while the premises were in the possession of the receiver.

In Bankruptcy. In the matter of Georgalas Bros., a partnership, bankrupt. On petition for review of an order of the referee. Reversed; with instructions.

McKain & Ohl, of Youngstown, Ohio, for trustee.

Wilson & Wilson, of Youngstown, Ohio, for petitioner.

WESTENHAVER, District Judge. The controversy here relates to a lease which the trustee claims the right to sell, and which the lessor, the H. L. McElroy Company, claims is void, and the premises covered thereby should be surrendered to it. The lease is dated April 28, 1915, and is for a term of 10 years, commencing May 15, 1915, and the lessor, the H. L. McElroy Company, thereby leases to one Gust Georgalas certain premises, which were afterwards used by the bankrupt partnership in which to conduct a restaurant business. This lease contains the following provision:

"It is mutually covenanted and agreed by and between the parties hereto that if the rent at any time shall be in arrears and unpaid for the space of thirty (30) days, or if there shall be any breach of any of the covenants and agreements herein contained on the part of the lessee, or if the lessee shall be adjudged bankrupt; or shall make an assignment for the benefit of his creditors, or if this lease shall pass by transfer, operation of law, or otherwise from said lessee to any other party without the written consent of the lessor, or if said premises or any part thereof shall be underlet contrary to the terms hereof, the lessor may, without notice to the lessee or other occupant of the premises, and without demand for rent due, avoid this lease and enter into possession of the premises and remove all persons and property therefrom and bring its action for the recovery of rent due at the rate aforesaid up to the time of such entry, or it may bring such action without avoiding this lease, at its election, and no waiver by the lessor of its rights to avoid this lease by reason of any breach of any covenant upon the part of the lessee shall constitute a waiver of its right to avoid the lease on account of any other or further breaches of any such covenants or agreements. Every demand for rent, made after it falls due, shall have the same effect in law as if made at the time it falls due, any law of the land or rule in equity to the contrary notwithstanding."

Gust Georgalas, the lessee, assigned this lease April 20, 1917, to Georgalas Bros., a partnership consisting of Gust, Theodore, and James Georgalas. The lessor did not consent in writing to this assignment, but undoubtedly accepted the assignees as tenants, and waived a breach of the covenants above quoted.

Later, May 26, 1917, Georgalas Bros., by Gust Georgalas, assigned this lease to Theodore Georgalas. The lessor consented to this transfer in writing the same date, indorsed on the lease. Some question is made as to whether this assignment is sufficient, on the facts disclosed in the record, to transfer title from the partnership to the individual partner, thereby making the unexpired term of the lease an asset of the individual partner, rather than of the partnership. I shall assume that the transfer is valid.

At the time of this transfer the lessor took a chattel mortgage on the personal property of the partnership to secure 12 promissory notes,

each for $333.33, payable monthly thereafter. These notes and the chattel mortgage securing the same were for the rent thereafter to become due. On June 1, 1917, the partnership, by Theodore Georgalas, filed a voluntary petition in bankruptcy. On the same date an order was made appointing a receiver, who took possession of all the property of the partnership, including the personal property covered by the chattel mortgage and the leased premises.

Owing to a delay in giving notice to the partners, who did not join in the petition in bankruptcy, an adjudication in bankruptcy was delayed; but on July 2, 1917, the partnership, consisting of Gust, James, and Theodore Georgalas, was duly adjudged bankrupt as a partnership. The individual members of the partnership were not expressly adjudged to be bankrupts.

Later, on July 27, 1917, the trustee in bankruptcy filed a petition to sell the unexpired term of the lease. The lessor appeared, and claims that the lease is forfeited by virtue of the provisions of the lease above quoted, and asks that the trustee be ordered to surrender the same to it. An order was made by the referee, denying the lessor the relief asked, and directing the trustee to sell the unexpired term. It is to this order that the lessor has filed the petition for a review.

The referee, in his opinion, holds that the covenant against assigning or subletting is not broken, because the lessor has both waived and consented thereto, and that the partnership only was adjudged a bankrupt, that Theodore Georgalas, as an individual, was not adjudged a bankrupt, and therefore the covenant against bankruptcy is not broken.

[1] If it be true that the partnership had assigned or transferred the lease to Theodore Georgalas without breaking any covenant, or giving the lessor any right to avoid the lease, nevertheless Theodore took the lease subject to these covenants. The question, then, is whether the lease has passed "by operation of law or otherwise from said lessee to any other person without the written consent of the lessor."

[2] It is not asserted that the lessor had consented, in writing or otherwise, to the transfer of this lease by operation of law to the trustee. The only right of the trustee to sell the lease is by virtue of the transfer thereof by operation of law to him. It is inconsistent to assert title in the trustee by operation of law, and yet to say that the title still remains in Theodore, and that the covenant is not broken. An adjudication in bankruptcy against a partnership, it is settled law in this circuit, operates to transfer by law to the trustee all the property and assets of the individual members of the partnership. Ft. Pitt Coal & Coke Co. v. Diser, 239 Fed. 443, 152 C. C. A. 321, 38 Amer. Bankr. R. 566. It is by virtue of this legal effect of an adjudication of the partnership to be bankrupt that the trustee acquires a right or title to this lease. It is equally effective to operate as a transfer by operation of law of the lease, so as to bring about a violation of this covenant.

[3] It is also settled law that a lease may be so framed that a transfer by operation of law will avoid the same at the option of the lessor. Gazlay v. Williams, 210 U. S. 41, 28 Sup. Ct. 687, 52 L. Ed. 950; In re Frazin, 183 Fed. 28, 105 C. C. A. 320, 33 L. R. A. (N. S.) 745 (2

C. C. A.). The covenants above quoted, when properly interpreted and understood, bring the facts within its terms, and the lessor's right to avoid the same is well established, and is sustained by the authorities above cited.

[4] In oral argument, counsel for the trustee relied on the position that the lessor had not done that which was necessary to avoid this lease according to the covenants above quoted. The lessor notified the partnership and the individual members thereof of his election to avoid the lease. It appeared and filed an answer, claiming that the lease had been forfeited, and asked for an order surrendering the premises. A receiver was in charge of these premises from June 1, 1917, until possession was taken by the trustee. There is no evidence to show that the lessor, after the appointment of the receiver, assumed any position inconsistent with its present claim of its right to avoid this lease, or that it did any act which could be construed as waiving its right so to do. Manifestly, with a receiver in possession, the lessor could not avail itself of the right accorded by the provisions above quoted to enter into possession of the premises and remove all persons and property therefrom. It could do no more than bring its rights in due time to the notice of the bankruptcy court. This it has done. In re Frazin, 183 Fed. 28, 105 C. C. A. 320, 33 L. R. A. (N. S.) 745 (2 C. C. A.) is sufficient authority for the proposition that no waiver arises on these facts against the lessor.

The judgment and order of the referee will be reversed, with instructions to proceed further in conformity to the conclusions herein set forth. An exception may be noted to this ruling.

---

⬬For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes