W. F. PARKS et al., Appellees, v. CARLISLE CLAY PRODUCTS COMPANY et al., Appellees.

In re Appeal of MARY A. WAYMAN, Executrix, Appellant.

No. 43908.

DECEMBER 14, 1937.

Paul W. Walters and Oscar Strauss, for Mary A. Wayman, Executrix, appellant.

J. O. Watson, for E. C. Harlan, Receiver, appellee.

Stanley E. Prall, for G. D. Schooler, C. B. Stiver, and A. M. Prall, appellees.

KINTZINGER, J.—The Carlisle Clay Products Company was an Iowa corporation with its principal place of business at Carlisle, Warren County, Iowa. This corporation became insolvent and was placed in the hands of E. C. Harlan, as temporary receiver, in November, 1933. Thereafter, on October 12, 1935, after due notice to all the bondholders, stockholders, creditors, and persons interested, the temporary receivership was made permanent and the receiver on that date was, by order of court, duly authorized to liquidate all the assets of the corporation and sell all of its real and personal property, free from all liens or other encumbrances, and subject to the order of court, distribute the proceeds thereof to the persons entitled thereto.

Charles E. Wayman, deceased, was in his lifetime a holder of $2,500 worth of bonds in said corporation, and Mary A. Wayman, the executrix of his estate and appellant herein, appeared in the receivership proceeding in which the order of sale was entered and by her attorneys approved the decree authorizing the sale of the corporation property.

The order of sale authorized the receiver to sell all property of the corporation at either private or public sale, and, if at private sale, for not less than the appraised value thereof, and, if at public sale, for the highest price obtainable therefor. The court appointed three disinterested appraisers who on December 20, 1935, filed their sworn appraisement report fixing the value of all the property of said corporation at $8,000. Thereafter on May 2, 1936, the receiver filed a report of sale showing that after diligent efforts all of the property of said corporation was sold to C. B. Stiver, G. D. Schooler and Arthur M. Prall for the sum of $8,230. The record also shows that on May 2, 1936, the court fixed the time for the hearing on the report of sale for the 16th day of May, 1936, and ordered notice of such hearing to be given by publication in the Indianola Tribune, a newspaper of general circulation in Warren County, Iowa. Said notice was duly published pursuant to the order of court. The record also shows that the notice of such hearing was directed to all the bondholders, preferred stockholders, common stockholders, creditors, and all other persons interested in the receivership of the corporation.

On May 16, 1936, at the time fixed for the hearing on said report, the court entered an order and decree approving the sale as reported by the receiver, no objection or resistance thereto being filed by anyone. The court, in the order approving the sale, found that:

"On inspection of the files * * * this matter was set down for hearing on this day * * * that service of notice was prescribed and that proof of service in accordance with the order prescribing notice is now on file and that there are no objections to said sale on file * *. * .

"The court on inspection of said report and listening to the proofs and being well advised finds:

"1. That said sale is an advantageous sale and should be approved * * * .

"2. The court further finds that said property is to be transferred free of all liens and encumbrances of all persons interested in said receivership and that the liens of any persons interested should be transferred to the proceeds from the sale.

"It is Therefore Ordered, Adjudged and Decreed by the Court that said sale be and it hereby is approved and the receiver herein be and hereby is authorized to transfer said property to the said C. B. Stiver, G. D. Schooler and Arthur M. Prall (the purchasers) free and clear of all liens and encumbrances of the bondholders or other creditors and that any liens which there may be on said premises be transferred to the proceeds from the sale of said property and if there is any conflict as to the priority of liens the same may be determined at a later date and enforced against said proceeds rather than against the property * * * .

"It is further ordered that said receiver be and he hereby is authorized to transfer said property both real and personal to said persons on the payment to him of the purchase price in full, and the Clerk of this Court is authorized to endorse the approval of this court on the transfers and the receiver is authorized to do all things necessary to complete said sale, and this cause is continued for further orders."

Thereafter, on August 1, 1936, the appellant herein, Mary A. Wayman, executrix of the estate of Charles E. Wayman, deceased, filed an application to set aside the sale of said property and the approval thereof by the court, principally upon

the ground that the court had no jurisdiction because appellant had no notice of the hearing on the report of the sale of said property, and upon the further ground that the sale price was grossly inadequate.

The receiver and purchasers of the property filed a resistance to said application and a hearing thereon was had by the court on August 3, 1936, when testimony was introduced and the matter submitted to the court. After hearing upon the application the court denied the application to set aside said sale, and from such ruling appellant appeals.

The record in this case shows without dispute that pursuant to the order of court notice of the hearing of the report of sale was given to all bondholders, stockholders, creditors, and all other persons interested. The record shows that the sale of said property was advertised in the Des Moines Register, a newspaper of general circulation throughout the State of Iowa. This property, as shown by the record, was duly appraised at $8,000 by three appraisers five months before the property was sold. The sale of the property was advertised in the Des Moines Register, and the evidence tends to show that the receiver made diligent efforts to sell the property and finally succeeded in receiving a bid therefor in the sum of $8,230, which was more than the appraised value thereof.

After the hearing on the application to set aside the sale of the property, the lower court on August 11, 1936, and after the case had been fully and fairly submitted, denied the application. In the order denying the application, the court said:

"The record shows that on August 14, 1933, a petition was filed asking for appointment of a temporary receiver and on that date E. C. Harlan was appointed. * * * On November 1, 1933, this appointment was made permanent. On July 17, 1935, an amendment to the petition was filed wherein it was asked that the powers of the receiver be extended and that he be authorized to wind up the affairs of the corporation and to sell the assets free of liens and incumbrances. To this amended action, applicant, Mary A. Wayman, Executrix, was a party and as shown by the decree entered on October 12, 1935, appeared by counsel and approved the decree as to form. This decree, entered without exceptions entered, ordered the receiver to sell free of the lien of the bondholders and to wind up the

affairs of the corporation. The property was appraised at $8,000.00. It was sold subject to the approval of the court for $8,230.00. The reported sale was set down for hearing and the notice prescribed by the court was duly given. Upon the date prescribed the sale was duly approved.

"I have examined all of the files in the case, together with brief submitted by applicant, Mary A. Wayman, Executrix. In my judgment the court had jurisdiction of the parties and of the subject matter at the time its decree was entered. Applicant was present and in substance consented to the decree. Time for appeal is now past, and that decree is binding upon the Court and upon Mary A. Wayman, in the absence of fraud or lack of jurisdiction, and neither of these do I find to exist. The sale reported and approved was in excess of the appraised value. *There has been no showing that the same was inadequate or that applicant, Mary A. Wayman, Executrix, is willing to pay more or knows of anyone who would.* The notice given was ample, all parties being in Court under original receivership proceedings, and the claim that counsel had an agreement with counsel for the receiver, upon which reliance was had, does not show any prejudice to applicant, Mary A. Wayman, Executrix.

"Applicant's application is dismissed with judgment against applicant for costs." (Italics ours.)

■■■ I. Appellant contends that the court has jurisdiction to set aside a judicial sale after a confirmation thereof where the sale has been improvidently and inadvertently made. Conceding that such is the law, the undisputed evidence in this case fails to show that this sale was improvidently or inadvertently made. The testimony shows that all parties had due notice of the application to sell the property in the receivership proceedings, and that the appellant and all parties interested had due notice of the hearing on the report of sale.

There is not one word in the testimony tending to show that the sale price was inadequate or that the appellant or anyone else would have purchased the property for any more or even for as much as it was sold for by the receiver.

■■■ II. Appellant also contends that the sale was void because one of the appraisers was a purchaser of the property and interested therein. The testimony shows that one Arthur M. Prall was one of the three persons appointed to appraise

this property. The other two appraisers were Lloyd Martin and A. L. Boyer, neither of whom was in any manner interested in the sale of said property. The value of the property as fixed by all three appraisers was $8,000, and this appraisement was made and filed about five months prior to the time of the sale. The testimony also shows that this property was not purchased by appraiser Prall for himself individually but was purchased by him and two other persons as trustees for certain bondholders of the former corporation.

While we would not ordinarily approve of the sale of property to an appraiser, individually, the record in this case fails to show that the bondholders, stockholders, or creditors of the corporation were in any manner prejudiced as the result of the sale, nor is there any testimony in the record tending to show that appraiser Prall was in any manner interested in the purchase of this property at the time the appraisment was filed. Although the capital stock of the corporation amounted to $65,000, and although there was a bonded indebtedness of $35,000 against the corporation, no other bondholder, stockholder, or creditor made any objection to the sale of the property as reported by the receiver. The undisputed evidence in this case fails to show any fraud on the part of the receiver or purchasers of the property, or that the sale price was inadequate.

No exception or objection was made to the ruling of the lower court in approving the sale of the property. The only objection made is that contained in the application to set aside the sale of said property. This application is in the nature of a collateral proceeding, and it is a quaere whether the judgment approving the sale in the receivership proceedings can be attacked in a collateral proceeding of this kind where the court has determined in favor of the sufficiency of the notice of the hearing on the report of sale. Bunce v. Bunce, 59 Iowa 533, 13 N. W. 705; Hamiel v. Donnelly, 75 Iowa 93, 39 N. W. 210. Without deciding in this action whether or not a collateral attack can be made upon the decree of the lower court approving the sale of the property, it is our conclusion that the appellant has not been prejudiced by such action of the lower court. It is also our conclusion under the record in this case that the action of the lower court in dismissing appellant's motion to set aside the sale was right.

For the reasons hereinabove expressed, the decree of the lower court is hereby affirmed.—Affirmed.

HAMILTON, C. J., and MITCHELL, ANDERSON, DONEGAN, STIGER, RICHARDS, and SAGER, JJ., concur.