W. F. PARKS et al., Appellees, v. CARLISLE CLAY PRODUCTS COMPANY et al., Appellees.

IN RE APPEAL OF ETTA REYNOLDS MCKISSICK, Appellant.

No. 43991.

FEBRUARY 15, 1938.

Cunningham & Scott and Oscar Strauss, for appellant, Etta Reynolds McKissick.

J. O. Watson, for appellee, E. C. Harlan, receiver.

Stanley E. Prall, for appellees, G. D. Schooler, C. B. Stiver, and A. M. Prall.

HAMILTON, J.—The hearing in this case before the trial court involved two separate legal propositions, growing out of the receivership of the Carlisle Clay Products Company. This company, a corporation located at the town of Carlisle in Warren County, Iowa, was placed in receivership for the purpose of winding up its affairs. The receiver proceeded with the liquidation by sale of the property of the corporation for $8,230; the order approving the sale bearing date of May 16, 1936. Before this sale was fully consummated by transfer of the title and payment of the entire purchase price, one of the stockholders filed an application attacking the validity of the sale and procured a stay of proceedings under the order of sale. Resistance to this application was filed and a hearing was had thereon, and on the 11th day of August, 1936, the court entered an order confirming the sale and denying the application. From this order there was an appeal to this court and an opinion was handed down at the December 1937 period, affirming the trial court. See Parks et al v. Carlisle Clay Products Co. of Carlisle et al., Appeal of Wayman, 224 Iowa 193, 276 N. W. 591, to which reference is made for a more detailed statement of the fact situation.

That opinion settled one of the legal problems. The other is involved in the instant case, a proper understanding of which necessitates an additional reference to the facts. The Carlisle Clay Products Company was lessee in a 99-year lease of a clay pit from which it obtained its clay, situated on certain described real estate. The yearly rental or royalty under this lease was $500. This clay pit was, of course, a valuable integral part of the plant, for without clay it could do nothing. In December, 1932, the company being in arrears with its rent, appellant, one of the stockholders and a director, offered to loan the company $500 with which to pay the back rent, with the understanding that she would advance money to keep the rent paid if the company would sell and assign to her as security the clay pit lease.

This proposal was accepted, and accordingly the company executed its note for $500 to appellant and assigned to her said lease. Appellant, in addition to the $500 evidenced by said note, paid rent as the same became due in the sum of $1,750, or a total of $2,250; $1,000 of which was paid after the receiver took charge of the plant. The plant had practically ceased operation at the time the receiver took charge, and was never operated by the receiver. The original order of appointment recited that the receiver was to take charge of and immediate possession of all the property, including the clay pit, and do whatever was necessary under the supervision of the court to preserve same. Thereafter, to wit, on July 17, 1935, an amendment was filed to the petition for appointment of receiver, bringing in new parties and praying for an extension of the powers of the receiver, and that he be authorized to wind up the affairs of the corporation and sell the assets free of liens and incumbrances. To the petition and amendment the appellant, on August 23, 1935, filed her answer denying all the material allegations contained therein, and setting up as an affirmative defense and statement of her interest the fact that she was the owner and holder of the lease to the clay pit by assignment thereof as security, and setting up the amounts that she had paid as rent, which, together with interest, amounts to $2,965, that she stood ready to reassign said lease to the receiver upon payment to her of the amount she had advanced, plus the interest thereon, and praying that the petition and amendment thereto be dismissed in so far as she, the appellant, was concerned, and that she be awarded and paid the sum of $2,965 for a reassignment of the lease, or in lieu thereof that said lease be confirmed and established as her absolute property, and for such other and further relief as to the court might seem just and equitable in the premises.

On the 12th day of October, 1935, a decree was entered, authorizing such a sale, from which no appeal was taken. The decree provided that the liens on the property should follow the proceeds, and further specifically provided for the sale of the lease on the clay pit along with the other assets, free from any claim of the defendant appellant, "providing, however, that in the event such sale is made prior to the determination of the right of said Etta Reynolds, and the amount of her claim, the receiver shall then from the proceeds of said sale deposit with the Clerk of this Court the sum of $2,965 to be held by the Clerk

pending the determination of the amount of the claim and the priority of said Etta Reynolds, and when the amount of said claim and the priority of same is determined, then the amount going to Etta Reynolds, if any, shall be paid to her out of said fund.'' It was by virtue of this order that the sale was made, validity of which was involved in the appeal in the other case above referred to. The order of sale provided that the property should be sold as a whole, and appraisers were appointed and the entire property, including the clay pit was appraised at $8,000. In purchasing said property the total purchase price was $8,230, the purchaser, however, splitting his bid, placing a separate price on the clay pit lease of $550 and the balance of the purchase price upon the other property, and the sale was reported in this way and approved by the court on May 16, 1936, and there do not appear to have been any objections made or filed by anyone to this procedure.

Pursuant to the provisions of said decree, the receiver on August 11, 1936, deposited out of the proceeds of the sale $550 with the clerk of the district court of Warren County, Iowa, and the additional sum of $2,415, the last being deposited under protest, making a total of $2,965 so deposited. On the 3d day of September, 1936, there was filed a resistance of Mary A. Wayman, executrix of the last will and testament of Charles E. Wayman, deceased (who was appellant in the former appeal), to the claim of Etta Reynolds McKissick (said Etta Reynolds having married one McKissick), appellant in the instant case, in which she referred to her application filed in the former case, and made it a part of her resistance to the appellant's claim in the instant case, and asked that the claim be dismissed. Also, on September 3, 1936, there was filed a reply to the answer of the appellant in this case on behalf of the receiver, in which he denied that the lease was the property of Etta Reynolds McKissick, and that in any event claim of said Etta Reynolds McKissick should be limited to the purchase price of said clay pit lease, to wit, the sum of $550, and in a separate division of said reply, by way of counterclaim against said Etta Reynolds McKissick, asked that she be required to reassign said lease to the purchaser of the same, that her claim to any part of the funds be denied, or in the alternative, that her claim be established as a general claim only, or, in the further alternative, that any pri-

ority as to any portion of her claim be limited to the purchase price received from the sale of the clay pit lease.

Under the issues thus joined, the matter came on for hearing on the 3d day of September, 1936, and decree was entered on September 26, 1936, wherein the court established the validity of the appellant's claim in the amount of $2,965, and $550 of this amount, being the sum for which the clay pit lease was sold, as a prior claim to any claim for expenses of administration or any claims by the bondholders, and established the balance of her claim as a general claim, subject to the expenses of administration, and subject to payment in full of the claims of the bondholders, and ordered her to surrender the original clay pit lease to the receiver. From this order and decree the appellant, Etta Reynolds McKissick, has appealed to this court. There being no cross-appeal, the sole question for our determination is whether the decree of the trial court with reference to classification and priority of liens is correct.

The appellant divides her contentions into three propositions: (1) The receiver is primarily liable for the rent of the clay pit lease after his appointment and must pay it as a part of the expenses of the administration; (2) the appellant being obligated to pay the rent reserved is entitled to subrogation for the rent payments made by her after appointment of the receiver, and for which he was primarily liable; (3) under the decree of the lower court the appellant was entitled in addition to the rent money to the purchase price of the leasehold.

We have carefully read appellant's brief and argument and considered the authorities relied upon, and, as we view the situation presented by this record, it is not necessary to enter into any extended discussion of the propositions for which the appellant contends. There were bonds outstanding in the amount of $35,000 issued by this corporation at the time it was organized, secured by first lien on all the property of the company other than the clay pit lease. This item seems to have been overlooked at the time the indenture securing the bonds was executed. The clay pit lease provides for no lien of any kind. It simply contains a forfeiture clause whereby upon giving thirty days notice the lease could be terminated if it was not reinstated by the payment of all rent in arrears within the 30-day period. The assignment of the lease to claimant simply provides that in consideration of $1.00 and other valuable con-

sideration, the company sold, etc., all its right, title, and interest in the lease. The testimony bearing on what was said and done between the company and this claimant at the time of the assignment is to the effect that if the company would sell her this lease, she would see that the rent was paid. She asked for nothing more except the lease as security. In equity she is entitled to just what the court gave her, the value of her security. There might be some question about this claim having priority over the cost and expenses of administration, but no question is raised as to this matter by appellees. The trial court did not set out in the decree the basis of his finding that claimant was entitled to the entire proceeds from the sale of the lease. There isn't a word of evidence that anything was ever said between the receiver and the claimant with reference to this matter of rent. In so far as the receiver was concerned she was a mere volunteer. All the record shows is that he had knowledge gained at some time—the exact time is not shown—that she was paying or had paid the rent. Had the lease never been assigned and the original lessors were making claim for this back rent, there is not a thing in this record that would authorize the court to classify a claim for rent as anything other than a general claim. By what right, then, can this appellant in equity claim a preference over and above what the trial court granted her? If the equitable doctrine of subrogation is applied to the facts in this case, she could stand in no better position than the original creditors, the lessors.

The instant case is not parallel or analogous to a case where a receiver is appointed to take charge of a business which is occupying premises under a lease, and the receiver accepts or adopts the lease or makes use of the premises in such a way that equity will look upon his conduct as amounting to an adoption and acceptance and require payment of rent for the use of the premises as a part of the expenses of administration in preference to other liens. Many cases are cited by appellant along this line, but they are not applicable. The receiver never occupied the premises on which the clay pit was located. There is no evidence that any of the equipment was situated thereon. Not a particle of clay was removed; not a wheel was turned after he was appointed. True, for the mutual benefit of all concerned, the court found and ordered that the plant should be sold as a whole, including the clay pit lease, and that it should

be sold free of liens and the liens should follow the proceeds. No objection was made to this sale. The decree as to form was approved by appellant's counsel, and no exception to the decree was asked and none was entered of record. All parties in effect consented thereto as the trial court correctly found in his decree in the Wayman case above referred to. The receiver, according to the undisputed record, tried diligently to find a purchaser for this property. Some question arose as to whether a sale of the property would carry with it this clay pit. There seemed to be some question about the legal effect of this assignment, whether it was an absolute sale or simply assigned for security. The property was advertised for sale in the Des Moines Register, and the receiver made trips to different places in an endeavor to find a purchaser, but failed to receive a single bid of any kind. Then Mr. C. B. Stiver, one of the largest stockholders, personally interested himself in the matter, and through the mail sent out a call to all the other stockholders calling their attention to the situation and the loss that had been sustained, and inviting them all to advance a pro rata share according to the stock owned to make up a fund large enough to take over this property at the appraised value. Some of the stockholders responded and in this way the receiver was able to dispose of this property. There is no claim that there was any overreaching or any fraudulent conduct on the part of any of these parties in connection with this sale. The record shows that the total assets derived from a sale of all the property amounts to only a small percentage of the bonded indebtedness after the costs of administration are taken care of. No one is gaining an unwarranted or undue advantage in this matter. The whole trouble arises because of unexpected shrinkage in values of this property, including the lease.

▌▐▌ In addition to the fact that we find no merit in appellant's contentions, we are satisfied that the theory now advanced by appellant was not the theory on which the case was tried below. No reference to the right to recover this rent on the theory that it is a part of the cost of administration is to be found in the answer and statement of interest claimed which was filed by this appellant. She does not separate her claim in any way or indicate that the portion thereof paid after the receiver took charge rested on any other or different basis than the rest of the claim, and even though the rule is as contended for by appellant in her reply argument, that this court in trial

de novo has a right to consider matters not specifically considered by the trial court and not specially noticed in argument in the brief where the pleadings are broad enough to present the issue, yet we do not think that this means that the appellant should be permitted to present his case in this court on an entirely different theory than that on which the case was tried and presented in the trial court.

We have made no attempt to analyze in this opinion the cases cited and relied upon by appellant. We have carefully read the same and conclude that the principles announced will not bear the interpretation and application contended for by appellant under the facts in this case. We cite the cases relied upon so that anyone interested may examine them if they so desire. They are as follows: In re Frazin Co., 2 Cir., 183 Fed. 28, 33 L. R. A. (N. S.) 745; Tardy's Smith on Receivers, Vol. 1, p. 235; Dayton Hydraulic Co. v. Felsenthall, 6 Cir., 116 Fed. 961, 966; Annotation, 59 L. R. A. 691; Hatch v. Van Dervoort, 54 N. J. Eq. 511, 34 A. 938; Westinghouse E. & Mfg. Co. v. Brooklyn Rapid Transit Co., 2 Cir., 6 Fed. 2d 547; Andrew v. Bevington Sav. Bank, 206 Iowa 869, 221 N. W. 668, 671; 60 C. J. Pars. 26, 27.

For the reasons indicated, the decree of the trial court must be and is affirmed.—Affirmed.

STIGER, C. J., and SAGER, ANDERSON, RICHARDS, and KINTZINGER, JJ., concur.